Díaz, Demandante y Apelada, *v.* Porto Rico Railway, Light and Power Company, Demandada y Apelante.

Apelación procedente de la Corte de Distrito de San Juan, Sección 1ª., en un caso sobre indemnización de daños y perjuicios.

No. 1037.—Resuelto en junio 26, 1914.

Interpretación de Leyes—Jurisprudencia del Estado de Donde Proceden.—
Para interpretar leyes de procedencia americana, debe acudirse a la jurisprudencia de los Estados Unidos.

Hijo—Padre—Madre—Alcance de Dichas Palabras.—Las palabras "padre," "madre," e "hijo," empleadas en el artículo 60 del Código de Enjuiciamiento Civil, se refieren al padre, a la madre y al hijo legítimos, y no incluyen al padre, a la madre y a los hijos ilegítimos.

Acción de Daños y Perjuicios—Hijos Ilegítimos—Padre y Madre Ilegítimos.—El artículo 60 del Código de Enjuiciamiento Civil no da un derecho de acción al padre o madre ilegítimo por la muerte de un hijo ilegítimo.

Los hechos están expresados en la opinión.

Abogados de la apelada: *Sres. José G. Torres* y *Augusto Malaret.*

Abogado de la apelante: *Sr. J. Henri Brown.*

El Juez Asociado Sr. del Toro, emitió la opinión del tribunal.

El presente es un caso sobre indemnización por daños y perjuicios reclamados por una madre con motivo de la muerte de su hijo natural ocasionada por los alambres eléctricos de cierta compañía de tracción, luz y fuerza. La demanda se declaró con lugar, condenándose a la corporación demandada a pagar a la demandante la suma de mil quinientos dollars y las costas, desembolsos y honorarios de abogado. No conforme con la sentencia, la parte demandada interpuso contra ella el presente recurso de apelación.

Entre los errores señalados por la parte apelante en su alegato, figura el de que la corte sentenciadora erró al declarar sin lugar las excepciones previas a la demanda enmendada. Y argumentando dicho error, sostiene la dicha parte apelante que debe desestimarse la demanda porque una madre natural, como lo es la demandante en este caso, no tiene derecho a reclamar por virtud de la muerte de su hijo, ocasionada por el acto ilegal o negligente de otra persona.

No hay duda alguna con respecto a cuál es la ley aplicable en este caso. Si algún derecho tiene la parte demandante, tal derecho surge del artículo 60 del Código de Enjuiciamiento Civil, vigente en Puerto Rico desde 1904, que copiado a la letra, dice así:

"Artículo 60.—Un padre, o si éste hubiese muerto o abandonado a su familia, la madre, puede entablar demanda por daño causado a

un hijo menor de edad, o por la muerte de éste, y un tutor por daño a un menor o pupilo, o muerte de éste, cuando dicho daño o muerte se deba al acto ilegal o negligencia de otro.  Dicha demanda podrá entablarse contra la persona causante del daño o muerte, y si dicha persona estuviese empleada por otra persona responsable de su conducta, también contra ésta.''

Dicho artículo es similar a la sección 3163 de las leyes de Idaho, 3 Idaho Codes Annotated, 55; a la 578 del Código de Enjuiciamiento Civil de Montana, 3 Montana Codes Annotated, 96, y a la 267 de los Estatutos Revisados, 1894, de Indiana, y se diferencia únicamente de la sección 376 del Código de Enjuiciamiento Civil de California, Codes of California Annotated, Civil Procedure, p. 122, en que en la de California no aparecen las palabras: *"and a guardian for the injury or death of his ward"* que figuran en los Códigos de Idaho, Montana, Indiana y Puerto Rico.

Siendo, pues, la procedencia de la ley aplicable a este caso genuinamente americana, debemos acudir para interpretarla a la jurisprudencia de los Estados Unidos.

Nada hemos podido encontrar en las decisiones de las Cortes Supremas de Idaho, California y Montana que resuelva en sentido afirmativo o negativo la cuestión suscitada por la parte apelante en este caso, pero sí en las de la Corte Suprema del Estado de Indiana.  En el caso de *McDonald v. Pittsburgh, Cincinnati, Chicago & St. Louis Railway Company,* 32 L. R. A., 309, 310, dicha Corte Suprema resolvió que el padre de un hijo ilegítimo no tenía causa de acción por la muerte de su hijo, aunque la madre hubiera fallecido y el hijo hubiera sido reconocido por el padre.  En el curso de la opinión, la corte se expresó así:

''La sección 266 de los Estatutos Revisados de 1881 (Estatutos Revisados 1894, sec. 267), sobre la cual se basa esta acción, es como sigue: 'Un padre, o si éste hubiese muerto o abandonado su familia, la madre, puede entablar demanda por daños causados a un hijo menor de edad, o por la muerte de éste, y un tutor por el daño o la muerte de su pupilo.'  Como el derecho a recobrar daños por la

muerte de un ser humano es puramente estatutorio, la ley debe interpretarse estrictamente; y antes de que el apelante pueda recobrar, tiene que colocarse claramente dentro de sus términos. Cuando el estatuto especifica quién puede entablar tal acción, únicamente la persona nombrada puede sostenerla. Si tal persona no existe, entonces no puede haber indemnización. *Thornburg* v. *American Strawboard Co.*, 141 Ind., 443, y casos citados. En la ley común un bastardo no tenía padre, y era considerado como el hijo de nadie. Se le llamaba algunas veces *filius nullius,* y otras *filius populi.* 1 Bl. Com., 458, 459; 2 Kent, Com., 212; *Simmons* v. *Bull,* 21 Ala., 501, 56 Am. Dec., 257, y nota 258; * * *. Es una regla de interpretación que, *prima facie,* las palabras 'hijo' o 'hijos' cuando se emplean en un estatuto o en un testamento, significan 'hijo' o 'hijos legítimos,' es decir, que los bastardos no están comprendidos dentro del término 'hijo' o 'hijos.' ''

Las Cortes Suprema de Mississippi y South Carolina se manifiestan en igual sentido que la de Indiana. Así la primera, en el caso de *Alabama & L. V. R. Co.* v. *Williams,* 51 L. R. A., 836, sostiene que ''la madre de un hijo ilegítimo no puede recobrar por la muerte de dicho hijo bajo las leyes de 1898, p. 83, que conceden el derecho de acción a la madre y a otros determinados parientes por virtud del fallecimiento de una persona cuya muerte sea el resultado de un daño ilegal.'' Y la segunda, en el caso de *McDonald* v. *Southern Railway,* 2 L. R. A., N. S., 640, establece que ''la madre de un hijo ilegítimo no está comprendida dentro de los términos de una ley que concede un derecho de acción a los padres por virtud de la muerte de un menor ocasionada por el acto negligente de otra persona.''

Podría argumentarse tal vez que en los Estados de la Unión cuya jurisprudencia hemos citado, las relaciones entre una madre y su hijo natural son distintas a las que existen en Puerto Rico, en donde la ley civil establece que la madre y su hijo natural tienen derecho a heredarse recíprocamente.

Pero es el caso que en el Estado de Georgia, por ejemplo, en donde las relaciones de la madre con su hijo natural son similares a las que existen en esta Isla, también la Corte

Suprema ha llegado a iguales conclusiones que las de Indiana, Mississippi y la Carolina del Sur.  En una decisión muy interesante, *Robinson* v. *Georgia,* R. & Bkg. Co., 60 L. R. A., 555, 559, la Corte Suprema de Georgia, por medio del Juez Fish, después de hacer una completa revisión de autoridades, se expresa así:

"Aunque es indudablemente cierto que el estado o condición de los hijos naturales de acuerdo con nuestra ley es muy superior a como lo era bajo el imperio de la ley común, no puede sostenerse sin embargo que dichos hijos naturales han sido legitimados por completo, y puestos en el mismo nivel en todos respectos que los hijos nacidos de legítimo matrimonio; y en vista de las resoluciones de este tribunal, que ya han sido citadas, en cuanto a que el estatuto que concede un derecho de acción por virtud de la muerte de una persona, debe ser interpretado estrictamente y que la palabra 'niño' empleada en el estatuto significa *prima facie* un niño legítimo, nos vemos obligados a declarar que la madre de un niño ilegítimo no tiene derecho de acción por el hecho de habérsele ocasionado al mismo la .muerte en forma ilegal o negligente.  El estatuto prescribe que 'una madre, o si ésta no existe, el padre, puede exigir una indemnización por la muerte de su hijo menor o *sui juris,* de quien ella o él dependen, o quien contribuye al sostenimiento de la una o del otro, a menos que dicho hijo deje esposa o hijo.  Los referidos padre o madre tendrán derecho a ser indemnizados en aquella cantidad que razonablemente hubiera podido adquirir su hijo durante su vida.' No existen palabras en el estatuto que determinen la palabra hijo en una forma particular, ni existe nada en el contexto del mismo que autorice la conclusión de que la legislatura quiso emplear la palabra en un sentido más lato del que ordinariamente se le da en los estatutos, y la letra de la ley claramente indica, a nuestro juicio, que el hijo a que se refirió la legislatura era al de legítimo matrimonio cuya madre, o en el caso de no existir ésta, cuyo padre, podría entablar una acción de daños y perjuicios con motivo de su muerte."

Y esta interpretación de que cuando se emplea únicamente la palabra "hijo" debe entenderse que se refiere al hijo nacido de legítimo matrimonio, no es nueva sino que es en verdad la correcta entre nosotros.  Así Escriche en el tomo 3, pág. 48, edición de 1875, de su Diccionario de Legislación, dice:

''Cuando se habla de hijos en general, no se entiende ordinaria-mente sino de los hijos legítimos de ambos sexos, porque lo que carac-teriza la calidad de hijo es el haber nacido de padres unidos por matrimonio legítimo; y así es que si se quiere comprender o men-cionar a los hijos ilegítimos, se les suele dar alguna calificación que los designe, principalmente cuando se trata de sucesiones y de otros derechos de familia.''

Habiendo en consideración todo lo expuesto, se impone, como consecuencia necesaria y única, la revocación de la sen-tencia apelada y la desestimación de la demanda. El derecho ejercitado por la demandante en este caso es de origen pura-mente estatutorio. El estatuto solo concede tal derecho al ''padre'' y, en su caso a la ''madre,'' por la muerte del ''hijo menor de edad.'' Interpretando dichas palabras de acuerdo con la tradición, así inglesa como española, y con la juris-prudencia constante de los tribunales, se ha visto que se refie-ren al padre, a la madre y al hijo legítimos. La madre en este caso no es legítima, sino natural: luego es bien claro que no tiene acción para reclamar cantidad alguna por la muerte de su hijo ocasionada, según la demanda, por virtud de la negligencia de la corporación demanda. Extender el significado de las palabras padre, madre, e hijo, usadas en la ley, hasta comprender en ellas a los padres, a las madres, y a los hijos naturales, sería realizar algo que sólo puede llevar a efecto la Legislatura. Y nosotros no podemos con-vertirnos en legisladores.

Debe declararse con lugar el recurso, revocarse la senten-cia apelada y desestimarse la demanda, sin especial condena-ción de costas.

> *Revocada la sentencia apelada y desestimada*
> *la demanda sin especial condenación de*
> *costas.*

Jueces concurrentes: Sres. Presidente Hernández y Aso-ciados Wolf y Aldrey.

El Juez Asociado Sr. Hutchison no formó parte del tri-bunal en la vista de este caso.