STATE OF ARIZONA, Appellant,

v.

William Dale MANYPENNY, Appellee.

No. 77–3453.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 18, 1981.

Decided March 26, 1982.

D. Jesse Smith, Deputy County Atty., Tucson, Ariz., argued, for appellant; Stephen D. Neely, Pima County Atty., Tucson, Ariz., on brief.

Bernardo P. Velasco, Asst. Federal Public Defender, Tucson, Ariz., for appellee.

Before CHOY, KENNEDY and FLETCHER, Circuit Judges.

KENNEDY, Circuit Judge:

·The case comes before us for a second time. Our earlier opinion is reported at 608 F.2d 1197 (9th Cir. 1979). William Manypenny was a United States border patrolman on duty near the line dividing Mexico from Arizona. In circumstances much disputed, he wounded an illegal alien and was indicted, under Arizona law, for assault with a deadly weapon. Manypenny re-

moved the prosecution to the United States District Court for Arizona, as was his right under 28 U.S.C. § 1442(a)(1) (1976). Before trial, Manypenny's attorney apparently made a strategic choice not to raise the federal immunity defense of *In re Neagle*, 135 U.S. 1, 10 S.Ct. 658, 34 L.Ed. 55 (1890)[1] and went to trial on the theory the shooting was accidental rather than justified. Upon trial, Manypenny was convicted.

The trial court entered judgment in accordance with the verdict and denied Manypenny's timely Fed.R.Crim.P. 29 motions for acquittal based on insufficiency of the evidence. Manypenny moved for a new trial under Fed.R.Crim.P. 33 or, alternatively, arrest of judgment under Fed.R.Crim.P. 34, on the theory that since state law could not govern the acts of a federal official in the circumstances, the court lacked jurisdiction to apply state law.

After due consideration, the district court denied the Rule 34 motion, holding that Arizona did have jurisdiction over the act in question. *State of Arizona v. Manypenny*, 445 F.Supp. 1123, 1125–27 (D.Ariz. 1977). Under the court's reasoning, state criminal jurisdiction was acceptable because the federal immunity defense of *In re Neagle* and our own decision in *Clifton v. Cox*, 549 F.2d 722 (9th Cir. 1977), which had been decided after Manypenny's trial but before the post-trial motions, established adequate protection for federal employees. *Manypenny*, 445 F.Supp. at 1127.[2] The trial judge apparently never ruled on the new trial motion. He did find, however, that he had "committed fundamental error" in not either granting defendant's motion for a

---

1. Defense counsel announced this choice to court and prosecutor at the time of jury selection, when questions for voir dire were being discussed. Record, Vol. 3, at .18. Defense counsel did not refer specifically to the federal immunity defense, but stated that "whether or not [the jury] feel[s] one apprehending a misdemeanant has the right, as an officer, to commit an assault" would not be relevant. Instead, the defense "position will be that there was in fact an accident." *Id.*

2. The immunity defense is discussed at length in our opinion in *Clifton*. As we stated there, a

federal officer is immune from state criminal liability for acts performed within the scope of his duty where the act was one "he could consider reasonable in discharge of his duty. Determination of whether [the act alleged to be protected by the immunity defense] was necessary and proper, we find, must rest not only on the subjective belief of the officer but also on the objective finding that his conduct may be said to be reasonable under the existing circumstances," as he reasonably believed them to be. *Id.*, 549 F.2d at 725.

directed verdict of acquittal or, at least, placing the immunity defense before the jury in his instructions. *Id.* The trial judge searched the record and found that, under the standard of *United States v. Rojas,* 554 F.2d 938 (9th Cir. 1977), no reasonable and properly instructed jury could have convicted Manypenny. The district court thus construed the Rule 34 motion as a Rule 29(c) motion and granted Manypenny a judgment of acquittal. *Manypenny,* 445 F.Supp. at 1127–28.[3]

The State of Arizona appealed, arguing that the district court had no jurisdiction to order a judgment of acquittal sua sponte, and that in any case its action was erroneous. Manypenny, in addition to defending the decision of the district court on the merits and asserting that reversal would violate the double jeopardy clause, argued that there was no jurisdiction to hear the appeal. We held there was no appellate jurisdiction, *Arizona v. Manypenny,* 608 F.2d 1197 (9th Cir. 1979), but that determination was reversed by the Supreme Court.[4] On remand from the Supreme Court, we must now decide whether there is any double jeopardy bar to this appeal and, if not, whether the district court was correct in its actions below.

We conclude there is no double jeopardy bar to this appeal by the State of Arizona, under either the federal or the Arizona Constitutions.

The question whether double jeopardy bars a given appeal, under the federal Constitution, depends on the action necessary upon remand after the appeal is resolved. *United States v. Wilson,* 420 U.S. 332, 342–53, 95 S.Ct. 1013, 1021–26, 43 L.Ed.2d 232 (1975). Under this standard, there is no federal double jeopardy bar to the appeal.

It is established that if a jury's verdict of guilty is set aside but can be reinstated on appeal, there is no violation of the double jeopardy clause. *United States v. Rojas,* 554 F.2d 938 (9th Cir. 1977), *cited with approval in United States v. DiFrancesco,* 449 U.S. 117, 130, 101 S.Ct. 426, 433, 66 L.Ed.2d 328 (1980).[5] Any retrial would be in response to the defendant's still pending motion and so would not implicate the double jeopardy clause. *United States v. Dinitz,* 424 U.S. 600, 96 S.Ct. 1075, 47 L.Ed.2d 267 (1976). That rule is applicable here.

We assume, arguendo, that if Arizona law forbade appeal by the state in this case, no appeal could be taken in federal court.[6]

3. The order of the district court read:
   In order to secure simplicity in procedure, fairness in administration and the just determination of this proceeding, this Court will consider the motion for arrest of judgment as a motion under Rule 29(c) for judgment of acquittal. Federal Rules of Criminal Procedure, Rule 2; *cf. United States v. Baker,* 432 F.2d 994 (10th Cir. 1970).
   The test for such a motion is whether, viewing the evidence in light favorable to the government, there is relevant evidence from which the jury could reasonably find that the defendant was guilty beyond a reasonable doubt. *United States v. Rojas,* 554 F.2d 938 (9th Cir. 1977). Applying the standards set out in *Clifton v. Cox, supra,* and considering further the standard in *Rojas,* the Court finds that a reasonable jury could not conclude defendant's guilt beyond a reasonable doubt. The motion for judgment of acquittal shall be granted.
   *Manypenny,* 445 F.Supp. at 1127–28.

4. The Supreme Court held that "in a criminal proceeding removed to federal court, a State

may appeal under § 1291 from an adverse judgment if statutory authority to seek such review is conferred by state law." 451 U.S. 232–250, 101 S.Ct. 1657, 1668, 68 L.Ed.2d 58 (1981).

5. We are aware that there are cases placing great stress, in different factual contexts, on the finality of acquittals. *E.g., United States v. Martin Linen Supply Co.,* 430 U.S. 564, 97 S.Ct. 1349, 51 L.Ed.2d 642 (1977). Nonetheless, *Rojas* is an explicit consideration and holding on the point at issue by our own court, and we are bound by it. Moreover, when the Supreme Court cites *Rojas* as precedent for the statement, "the Double Jeopardy Clause does not bar a Government appeal from a ruling in favor of the defendant after a guilty verdict has been entered by the trier of fact," 449 U.S. at 130, our doubts as to its validity are dispelled.

6. This would be supported by the reasoning of the Supreme Court that the state should have "a right to seek review when that very right is available under applicable state law," 451 U.S.

We find, however, that double jeopardy as defined under the Arizona Constitution does not differ significantly, in the respects relevant here, from the federal protection against multiple prosecution. In *State ex rel Hyder v. Superior Court*, 128 Ariz. 216, 624 P.2d 1264 (1981), the Arizona Supreme Court, following federal precedents, held that an appeal from a judgment of acquittal, after a jury verdict of guilty, would not violate the double jeopardy clause. "We therefore hold that [the defendant] would not be placed twice in jeopardy by an order reinstating the jury verdict of guilty." *Id.*, 624 P.2d at 1269–70.[7]

There is no double jeopardy to bar the appeal under either federal or Arizona law, and we turn to the merits.

The State of Arizona argues with some force that the district court had no jurisdiction to consider, much less grant, the entry of a judgment of acquittal more than seven days after the jury verdict.

Fed.R.Crim.P. 29(c) states in part:

> If the jury returns a verdict of guilty or is discharged without having returned a verdict, a motion for judgment of acquittal may be made or renewed within 7 days after the jury is discharged or within such further time as the court may fix during the 7-day period. If a verdict of guilty is returned the court may on such motion set aside the verdict and enter judgment of acquittal.

Rule 45(b) states that the court lacks power to extend the time for taking any action under Rule 29. Arizona also cites several cases which more or less strongly support refusal to entertain untimely Rule 29(c) motions.[8]

Rule 29(c) creates a deadline by which defendants must present motions for judgment of acquittal to the court; it does not address the court's inherent power to grant such a judgment. We do not read the mention in Rule 29(a) of a court granting such a judgment "on its own motion" before submission to a jury as an elimination of a court's inherent power to grant such a judgment after submission to the jury.[9]

---

at 243, 101 S.Ct. at 1665. We need not decide the point here.

**7.** The cases cited by appellee do not support a contrary argument. *Arizona v. Moya*, 129 Ariz. 64, 628 P.2d 947 (1981), is the case most strongly relied on. This case, however perplexing, is clear on one point: the court held that double jeopardy did not bar retrial of the defendant only after its independent review of the evidence adduced at the first trial found it insufficient to support conviction. There was nothing in the *Moya* case to contradict the clear holding of *Hyder* by the same court some three months earlier. We are unpersuaded by appellee's portrayal of the cases as a "learning process" for the Arizona Supreme Court.

**8.** *United States v. Beran*, 546 F.2d 1316, 1319 n.1 (8th Cir. 1976), *cert. denied*, 430 U.S. 916, 97 S.Ct. 1330, 51 L.Ed.2d 595 (1977); *United States v. Johnson*, 487 F.2d 1318, 1321 (5th Cir.), *cert. denied* 419 U.S. 825, 95 S.Ct. 41, 42 L.Ed.2d 48 (1974); *Rowlette v. United States*, 392 F.2d 437, 439 (10th Cir. 1968).

**9.** The full text of Fed.R.Crim.P. 29:

(a) *Motion Before Submission to Jury.* Motions for directed verdict are abolished and motions for judgment of acquittal shall be used in their place. The court on motion of a defendant or of its own motion shall order the entry of judgment of acquittal of one or more offenses charged in the indictment or information after the evidence on either side is closed if the evidence is insufficient to sustain a conviction of such offense or offenses. If a defendant's motion for judgment of acquittal at the close of the evidence offered by the government is not granted, the defendant may offer evidence without having reserved the right.

(b) *Reservation of Decision on Motion.* If a motion for judgment of acquittal is made at the close of all the evidence, the court may reserve decision on the motion, submit the case to the jury and decide the motion either before the jury returns a verdict or after it returns a verdict of guilty or is discharged without having returned a verdict.

(c) *Motion After Discharge of Jury.* If the jury returns a verdict of guilty or is discharged without having returned a verdict, a motion for judgment of acquittal may be made or renewed within 7 days after the jury is discharged or within such further time as the court may fix during the 7-day period. If a verdict of guilty is returned the court may on such motion set aside the verdict and enter judgment of acquittal. If no verdict is returned the court may enter judgment of acquittal. It shall not be necessary to the making of such a motion that a similar motion has been made prior to the submission of the case to the jury.

We held in *Richter v. United States*, 488 F.2d 170 (9th Cir. 1973) that the district court has inherent power to order discovery of the names of witnesses in some circumstances. As we stated in that case:

> [A]greement as to the nonapplicability of section and rule does not end our inquiry. The Federal Rules of Criminal Procedure are intended to constitute a comprehensive procedural code for criminal cases in the federal courts. But even the rules themselves do not purport to set outer limits on the power of the court. On the contrary, Fed.R.Crim.P. 57(b) states: "If no procedure is specifically prescribed by rule, the court may proceed in any lawful manner not inconsistent with these rules or with any applicable statute."
>
> . . . .
>
> It is recognized that wide latitude is reposed in the district court to carry out successfully its mandate to effectuate, as far as possible, the speedy and orderly administration of justice. "A federal court has the responsibility to supervise the administration of criminal justice in order to ensure fundamental fairness." [Citation omitted.] It would be ill-advised to limit improvidently this inherent power for fear of misuse. The firing point of the legal system is with the trial judge who is best situated to administer the law and protect the rights of all. Such discretion is not limitless, but appellate review provides a proper check.

*Id.* at 173–74.

Exercise of judicial power by entry of orders not expressly sanctioned by rule or statute in order to correct the legal process or avert its misfunction has been approved in varied circumstances. *E.g., Roadway Express, Inc. v. Piper*, 447 U.S. 752, 764–67, 100 S.Ct. 2455, 2463–64, 65 L.Ed.2d 488 (1980) (assessing costs against parties or attorneys); *Cooke v. United States*, 267 U.S. 517, 534, 45 S.Ct. 390, 394, 69 L.Ed. 767 (1925) (contempt power); *United States v. Armstrong*, 621 F.2d 951, 954–55 (9th Cir. 1980) (allowing inspection of property belonging to third parties); *Franquez v. United States*, 604 F.2d 1239 (9th Cir. 1979) (ordering jury trial on an issue when not contemplated by statute); *In re Sealed Affidavit(s) to Search Warrants (Agosto)*, 600 F.2d 1256 (9th Cir. 1979) (sealing papers filed with the court); *United States v. Simmons*, 536 F.2d 827, 832–34 (9th Cir.), *cert. denied*, 429 U.S. 854, 97 S.Ct. 148, 50 L.Ed.2d 130 (1976) (dismissal for want of prosecution); *United States v. Malcolm*, 475 F.2d 420 (9th Cir. 1973) (ordering a defendant to undergo a psychiatric exam).

■ We conclude that a federal district court, which has properly retained jurisdiction of a case, has the power to grant a verdict of acquittal, before or after submission of the question of a defendant's guilt to the jury, if necessary to correct a manifest error. There are limits on this authority, *cf. United States v. Smith*, 331 U.S. 469, 67 S.Ct. 1330, 91 L.Ed. 1610 (1947),[10] and its exercise is reviewable in the Court of Appeals.

■ To resolve this case, we need only hold that a court has power to reconsider a

---

**10.** The *Smith* case held that a trial court had no power to grant a new trial under Rule 33 after its earlier judgment of conviction had been affirmed on appeal. The Court's opinion suggested that the rule's explicit time limit for the making of the motion for new trial limited the court as well as the defendant. "[I]t would be a strange rule which deprived a judge of power to do what was asked when request was made by the person most concerned, and yet allowed him to act without petition. . . . We think that the expiration of the time within which relief can openly be asked of the judge, terminates the time within which it can properly be granted on the court's own initiative." *Id.*, 331 U.S. at 474–75, 67 S.Ct. at 1333.

*Smith* is, however, distinguishable as concerning Rule 33 rather than Rule 29, and, more important, as a case in which the trial court retained no jurisdiction over the case at the time of its action (indeed, the appellate court had already affirmed the conviction). The quoted language of *Smith* cannot be applied indiscriminately outside of the particular factual context at issue there. *See United States v. Spiegel*, 604 F.2d 961, 970–72 & n.19 (5th Cir. 1979), *cert. denied*, 446 U.S. 935, 100 S.Ct. 2151, 64 L.Ed.2d 787 (1980); *In re United States*, 598 F.2d 233, 236 (D.C.Cir.1979).

timely motion for judgment of acquittal premised on insufficiency of the evidence when the court, which still retains jurisdiction of the case, decides, in considering another of defendant's motions, that its earlier denial of the Rule 29 motion was erroneous. We do not address the scope of inherent power in other contexts.

 We next determine whether the entry of a judgment of acquittal by the district court was proper. We conclude it was not. The trial court found that the prosecution had presented insufficient evidence to surmount the federal immunity defense, as set out in *Clifton v. Cox*, 549 F.2d 722 (9th Cir. 1977). While we doubt the appraisal that a rational jury, instructed on the immunity defense, could not have convicted the defendant, we need not discuss it for this was the wrong question to ask.

It was improper for the trial court, sua sponte, to grant a motion for judgment of acquittal premised on the prosecution's failure to meet a defense not raised by the defendant and on a matter the prosecution was not bound to disprove in order to establish all the elements of the crime. The Government was not required to open the question of immunity where the defense saw fit to try the case on another, to some extent inconsistent, theory. Our review of the record indicates that the evidence was fully adequate to sustain the conviction on the case as presented, and it supports the further inference that the defendant's story would have fit rather awkwardly with the defense of immunity in any event. *See Arizona v. Manypenny*, 608 F.2d at 1205 (dissenting opinion). It was error, therefore, to enter judgment of acquittal.

 As we understand the state of the record, there has yet to be a disposition of Manypenny's motion for new trial. To the extent that motion is premised on the same issues as those raised in appellant's Rule 29(c) and Rule 34 motions, it appears there is no merit to it. The district court itself denied the Rule 34 motion, and we have ruled that the Rule 29(c) motion must be denied because none of the contentions advanced by appellant warrant an acquittal.

While we doubt, therefore, that there is merit to it, the authority to rule on a new trial motion is vested generally in the district court, and accordingly we remand the case for the district court's determination on the point.

The court acknowledges with appreciation the skillful professional representation by Bernardo P. Velasco, who undertook to represent the defendant on this phase of the case, and who is requested to act as counsel in further proceedings in the district court.

Judgment of acquittal is REVERSED; the cause is REMANDED for further proceedings.