**UNITED STATES of America,**

v.

**Vincent Frank SANTA, Defendant.**

**No. 86 CR 303.**

United States District Court,
E.D. New York.

Feb. 25, 1987.

Andrew J. Maloney, U.S. Atty., E.D.N.Y. (Edward A. McDonald, Attorney-In-Charge, U.S. Dep't of Justice, Organized Crime Strike Force, Mario DiNatale, of counsel), for plaintiff.

Salvatore F. Quagliata, Queens, N.Y. (Heit & Grant, New York City, Julia P. Heit, of counsel), for defendant.

MEMORANDUM AND ORDER

McLAUGHLIN, District Judge.

Defendant, Vincent Santa, was convicted in this Court of extortion and conspiracy to commit extortion. 18 U.S.C. § 1951. He now moves for a judgment of acquittal.

Fed.R.Crim.P. 29. For the reasons discussed below, the motion is dismissed.

### Facts

Santa and a codefendant were tried by a jury before this Court on an indictment charging defendant with extortion and conspiracy to commit extortion, in violation of the Hobbs Act, 18 U.S.C. § 1951. The trial began on July 7, 1986. At the conclusion of the government's case, Santa moved for judgment of acquittal. Trial Transcript ("TT"), at 560–63; see Fed.R.Crim.P. 29(a). The Court denied the motion. TT, at 564. On July 11, the jury convicted Santa of both counts charged in the indictment. Id. at 752. At that time, defense counsel neither renewed the Rule 29 motion nor requested an extension of the seven-day period in which to make such a motion. See Fed.R.Crim.P. 29(c). The jury was discharged on July 11.

At a status conference on September 19, defense counsel informed the Court that he believed there was an error in the trial transcript. Counsel asserted that Anthony Palmieri, a government witness, had testified that he was "not sure" that Santa was one of the conspirators he had testified about, and that the trial transcript omitted this statement.[1] The Court directed that Mr. Palmieri be asked to recollect his testimony and requested that others present at the trial check their trial notes. Mr. Palmieri subsequently submitted an affidavit stating that his trial testimony was that he was not sure whether he could identify Santa. See Affidavit of Anthony Palmieri dated Sept. 24, 1986. The Assistant United States Attorney ("AUSA") subsequently informed the Court that neither his own notes nor those of the court reporter indicated that Mr. Palmieri testified that he was unsure of Santa's identity.

On October 23, the defendant made this motion.[2] He asserts that the government did not elicit a positive identification by Mr. Palmieri and, hence, was unable to connect him to any of the offenses. He also asserts that the method of identification was inherently suggestive and constituted a prejudicial courtroom "showup."

### Discussion

Rule 29 of the Federal Rules of Criminal Procedure reads, in relevant part:

(a) Motion Before Submission to Jury. Motions for directed verdict are abolished and motions for judgment of acquittal shall be used in their place. The court on motion of a defendant or of its own motion shall order the entry of judgment of acquittal of one or more offenses charged in the indictment or information after the evidence on either side is closed if the evidence is insufficient to sustain a conviction of such offense or offenses. If a defendant's motion for judgment of acquittal at the close of the evidence offered by the government is not granted, the defendant may offer

1. The trial transcript reads, in relevant part:
   Assistant United States Attorney ("AUSA"): Now, do you see here in the courtroom the person that you've been calling Jim or Jimmy that you had this meeting with?
   Mr. Palmieri: Obviously the people sitting at the table are the defendants. I look at him and I remember three years ago somebody that looked similar to that but not specifically. I don't remember the glasses or the lighter hair. I remember it was a little darker.
   AUSA: Which gentleman?
   Mr. Palmieri: The gentleman sitting at the end of the table.
   AUSA: Describe him?
   Mr. Palmieri: With the gray suit.
   AUSA: Indicating the defendant Santa. What else do you recall being different about the appearance today and two years ago?
   Mr. Palmieri: It was going back sometime. I only met him briefly. I did not remember the glasses and I think it was more summertime, so I never saw him in a suit. It seems—it was a short meeting.
   AUSA: That was the first of many meetings?
   Mr. Palmieri: With him.
   AUSA: The first of several meetings, correct?
   Mr. Palmieri: Yes.
   AUSA: My question remains is the person, the defendant, Mr. Santa, is that the person you're talking about?
   Mr. Palmieri: I believe so.
   TT, at 174–75.
   Defendant asserts that the final line should read, "I believe so. I am not sure."

2. The defendant characterizes this motion as a motion for reconsideration of the Court's denial of the Rule 29(a) motion.

evidence without having reserved the right.

. . . .

(c) Motion After Discharge of Jury. If the jury returns a verdict of guilty or is discharged without having returned a verdict, a motion for judgment of acquittal may be made or renewed within 7 days after the jury is discharged or within such further time as the court may fix during the 7-day period. If a verdict of guilty is returned the court may on such motion set aside the verdict and enter judgment of acquittal. If no verdict is returned the court may enter judgment of acquittal. It shall not be necessary to the making of such a motion that a similar motion has been made prior to the submission of the case to the jury.

Defense counsel notified this Court on September 19, 1986 of his intention to make this motion and did not make it until more than one month thereafter. The motion is thus untimely under Rule 29(c), and the Court does not have jurisdiction to decide it. *See United States v. Johnson*, 487 F.2d 1318, 1321 (5th Cir.), *cert. denied*, 419 U.S. 825, 95 S.Ct. 41, 42 L.Ed.2d 48 (1974); *Rowlette v. United States*, 392 F.2d 437, 439 (10th Cir.1968). *Cf. United States v. Dukes*, 727 F.2d 34, 38–40 (2d Cir.1984) (district court lacks power to hear untimely motion for new trial brought under Fed.R. Crim.P. 33.).

■ Perhaps sensing this deficiency, counsel characterizes this motion as one for reconsideration of the Rule 29(a) motion that this Court denied at the close of the Government's case; counsel argues that the Court has inherent jurisdiction to review this denial.

I reject this argument. Rule 29, which governs motions for judgments of acquittal, establishes a logical and orderly procedure for making such motions. Subsection (a) of the rule governs those motions made prior to submission of the case to the jury, while subsection (c) governs post-verdict motions. In this case, defendant did make a Rule 29(a) motion, which the Court de-

nied. After the verdict, defendant could have either renewed that motion or made a new motion within seven days of the discharge of the jury, as Rule 29(c) provides. He did neither.

His attempt to style this motion as one for reconsideration of the Rule 29(a) motion thus has two serious flaws. First, it contravenes the plain language of Rule 29, which provides that all post-verdict motions for judgment of acquittal, including "renewed" motions, are governed by Rule 29(c). Second, it is at odds with the structure of Rule 29, and proposes an exception to Rule 29(c) so large that it could render that part of the rule a dead letter.

The Court notes that the Third Circuit has recently held that a district court may grant a motion for judgment of acquittal that is untimely under Rule 29(c). *United States v. Coleman*, 811 F.2d 804 (3d Cir. 1987) (LEXIS, Genfed library, Usapp file). *Coleman,* however, is factually distinguishable from this case and rests on case law that has not gained acceptance in this Circuit.

In *Coleman,* the defendant was not responsible for the motion's untimeliness. Defendant had moved within four days of the verdict for an extension of time in which to file post-trial motions. The Court did not grant an extension until more than three weeks later. The extension was untimely under Rule 29(c) because it was not granted within seven days of the discharge of the jury. *See id.* In this case, by contrast, responsibility for untimeliness lies with the defendant, who failed to notify the Court of his intention to file this motion until more than two months after the verdict.

■ Moreover, the *Coleman* decision must be read in light of *United States v. Giampa*, 758 F.2d 928 (3d Cir.1985). In *Giampa,* the Third Circuit held that a district court has inherent power to grant a judgment of acquittal *sua sponte*, and that Rule 29(c) merely sets up deadlines for the making of motions. *See id.* at 936 n. 1.[3]

---

**3.** *Giampa* relied on *Arizona v. Manypenny*, 672 F.2d 761 (9th Cir.), *cert. denied*, 459 U.S. 850,

103 S.Ct. 111, 74 L.Ed.2d 98 (1982) for this proposition, without noting the limited scope

*Coleman* held that this inherent power extended to granting judgments of acquittal upon motion, because it would be inconsistent to limit its application to *sua sponte* judgments. *See Coleman, supra.*

This Circuit, however, has not held that courts have inherent power to decide post-verdict motions. *See United States v. Dukes, supra,* 727 F.2d at 38–40. If this Court were to entertain this untimely motion, it would not eliminate an inconsistency, and could create one.

For the foregoing reasons, I conclude that the Court does not have jurisdiction to decide defendant's motion. Accordingly, the motion is dismissed.

The Government has moved to have defendant sentenced as a dangerous special felony offender. *See* 18 U.S.C. § 3575. The Court will reserve decision on that motion until the imposition of sentence.

SO ORDERED.

that the *Manypenny* court had given its holding: "To resolve this case, we need only hold that a court has power to reconsider a timely motion for judgment of acquittal premised on insufficiency of the evidence when the court, which still retains jurisdiction of the case, decides, in considering another of defendant's motion, that its earlier denial of the Rule 29 motion was erroneous. We do not address the scope of inherent power in other contexts." *Id.* at 765–66. *Manypenny* held that a judgment of acquittal may be granted in such circumstances "if necessary to correct a manifest error." *Id.* at 765.

Upon reviewing the record, I conclude that there was no error here, let alone a manifest one. I find that Mr. Palmieri did not state "I am not sure," when asked to identify the defendant. The trial transcript does not include this statement. *See* TT, at 175. Neither do contemporaneous notes taken by the court reporter and the AUSA. In addition, contemporaneous statements by defense counsel indicate that Mr. Palmieri did not say, "I am not sure." Counsel now asserts that this alleged statement is of great importance. At trial, however, counsel did not raise this issue. Neither his cross-examination of Mr. Palmieri, his Rule 29(a) motion, nor his forceful and detailed summation make reference to this asserted statement. *See* TT, at 217–47, 373–80, 560–63, 609–27. Counsel now states that he believes Mr. Palmieri testified that he was unsure. The only other person who states that Mr. Palmieri testified that he was unsure is Mr. Palmieri himself. Weighing this statement, made more than two months after the testimony, against the contemporaneous data, I find that Mr. Palmieri did not testify that he was unsure of Santa's identity.