(755 P.2d 562)

No. 60,523

STATE OF KANSAS, *Appellee*, v. ALPHONSO S. THOMAS, *Appellant*.

Petition for review denied September 27, 1988.

Opinion filed June 10, 1988.

*Michelle Worrall*, legal intern, and *David Gottlieb*, supervising attorney, Kansas Appellate Practice Clinic, of Lawrence, and *Benjamin C. Wood*, chief appellate defender, of Topeka, for appellant.

*Paul Morrison* and *Bruce W. Beye*, assistant district attorneys, *Dennis W. Moore*, district attorney, and *Robert T. Stephan*, attorney general, for appellee.

Before RULON, P.J., REES and BRAZIL, JJ.

BRAZIL, J.: Alphonso S. Thomas appeals his jury conviction on one count of aggravated burglary following two mistrials caused by deadlocked juries. He contends the trial court had jurisdiction to grant his untimely motion for acquittal; the trial court's reconsideration of its grant of acquittal and the subsequent third trial were barred by double jeopardy; and the evidence was insufficient to sustain his convictions. We reverse.

K.S.A. 22-3419(3) provides in part:

"If the jury returns a verdict of guilty or is discharged without having returned a verdict, a motion for judgment of acquittal may be made or renewed within seven days after the jury is discharged or within such further time as the court may fix during the seven-day period."

Thomas filed his motion for acquittal on September 18 following the discharge of the second jury on August 12. The trial court granted the motion and then, after the State filed a motion to reconsider, declared its order of acquittal void because

Thomas' motion had not been filed within seven days as required by K.S.A. 22-3419(3).

The parties have cited no Kansas cases addressing the jurisdiction of a court to consider motions untimely filed under K.S.A. 22-3419(3), and we find none. However, the 1969 Judicial Council comment to 22-3419 notes that it is "substantially" like Federal Rule of Criminal Procedure 29, and we have found several federal cases addressing this issue in the context of Rule 29.

The courts of appeal from the Fifth and Tenth Circuits have found that trial courts did not have jurisdiction to consider motions for acquittal that were untimely filed. *United States v. Johnson,* 487 F.2d 1318 (5th Cir.), *cert. denied* 419 U.S. 825 (1974); *Rowlette v. United States,* 392 F.2d 437 (10th Cir. 1968).

However, more recently, the courts of appeal from the Ninth and Third Circuits have found otherwise. In *State of Ariz. v. Manypenny,* 672 F.2d 761, 764-66 (9th Cir.), *cert. denied* 459 U.S. 850 (1982), the Ninth Circuit suggested Rule 29 sets a deadline for the defendant, not the court, but actually held only that the district court had the power to reconsider its denial of a timely motion while it still had jurisdiction of the case. The Third Circuit then relied on *Manypenny* to reject the prosecution's assertion the limits prevented the district court from granting acquittal after the time had expired. *United States v. Giampa,* 758 F.2d 928, 936 n.1 (3rd Cir. 1985). The court held the double jeopardy clause of the federal Constitution barred it from reviewing the lower court's judgment of acquittal, but added a footnote rejecting the prosecution's jurisdictional claim by quoting dicta from *Manypenny* that Rule 29(c) " 'creates a deadline by which defendant must present motions for acquittal to the court; it does not address the court's inherent power to grant such a judgment.' " 758 F.2d at 936 n.1 (quoting 672 F.2d at 764).

In two subsequent cases, the Third Circuit has expanded on this holding. In *United States v. Wright-Barker,* 784 F.2d 161, 170 (3d Cir. 1986), the court held the district court did not err in refusing to consider late motions for acquittal, and added in a footnote that it did not need to examine the court's inherent power to consider them since the lower court had chosen not to exercise that power. 784 F.2d at 170 n.8. Then, in *U.S. v.*

*Coleman*, 811 F.2d 804, 807 (3d Cir. 1987), the court held the district court could grant the defendant's late motion since it had authority to grant an acquittal on its own motion.

We are persuaded that the Third Circuit's approach to the federal rule makes sense for K.S.A. 22-3419(3) as well. While a desire for finality might justify ending a trial court's power to overturn a jury's guilty verdict shortly after the jury is discharged, it is somewhat difficult to see any reason to restrict that power where the jury failed to return a verdict and the prosecution may, as was done in this case, decide to proceed with another trial. Taking the Third Circuit's view, however, the purpose of the statute is to limit the defendant's power to force the trial court to consider a motion for judgment of acquittal to the times stated. After those times, the court could properly deny the motion summarily due to the late filing. The court would retain the power, however, to consider the motion if it felt it should, at least so long as it retained jurisdiction over the case.

We conclude the trial court had jurisdiction to consider Thomas' motion for acquittal despite his late filing.

Because the court had jurisdiction to consider Thomas' motion, his acquittal must be reinstated and further proceedings barred. In *Lowe v. State*, 242 Kan. 64, 744 P.2d 856 (1987), the Supreme Court held where a trial court granted a dismissal during an evening recess, double jeopardy prevented it from reinstating the charge before the trial resumed the next morning, even though the progress of the trial was unaffected, because the dismissal constituted an acquittal which barred any further proceedings aimed at resolving the factual question of the defendant's guilt.

Having found Thomas' acquittal should be reinstated, we need not address his other arguments.

Reversed and remanded with directions to reinstate the order of acquittal.