En el Tribunal Supremo de Puerto Rico

| El Pueblo de Puerto Rico<br>    Peticionario<br><br>    V.<br><br>Angel L. Vargas De Jesús<br><br>    Recurrido | Certiorari<br><br>98TSPR127 |
| --- | --- |

Número del Caso: CC-97-538

Abogados de la Parte Peticionaria: Hon. Carlos Lugo Fiol
                                   Procurador General
                                   Lcda. Edda Serrano Blasini
                                   Sub-procuradora General
                                   Lcda. Eunice Amaro Garay
                                   Procuradora General Auxiliar

Abogado de la Parte Recurrida:     Lcdo. Ricardo Izurieta Ortega

Tribunal de Instancia: Superior Caguas

Juez del Tribunal de Primera Instancia: Hon. Carmen Vargas Medina

Tribunal de Circuito de Apelaciones: Circuito Regional VI

Juez Ponente:          Hon. Ortiz Carrión
Panel Integrado por:   Hon. González Román
                       Hon. González Rivera

Fecha: 9/30/1998

Materia: Artículo 137(a) C.P.

    Este documento constituye un documento oficial del Tribunal
    Supremo que está sujeto a los cambios y correciones del
    proceso de compilación y publicación oficial de las
    decisiones del Tribunal. Su distribución electrónica se hace
    como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

EL PUEBLO DE PUERTO RICO

    Demandante-Recurrente

       vs.               CC-97-538      CERTIORARI

ANGEL L. VARGAS DE JESUS

    Demandado-Recurrido

Opinión del Tribunal emitida por el Juez Asociado señor FUSTER BERLINGERI

San Juan, Puerto Rico, a 30 de septiembre de 1998.

Tenemos la ocasión para examinar por primera vez el alcance de la disposición en la Regla 135 de Procedimiento Criminal de Puerto Rico, que fija un término de tres (3) días para que el acusado reproduzca una moción de absolución perentoria, luego del jurado haber emitido su veredicto.

I

Por hechos ocurridos en febrero de 1991, Angel L. Vargas de Jesús fue acusado de cometer los delitos de secuestro agravado, posesión y portación ilícita de armas, y asesinato en segundo grado, y enjuiciado por ello en el Tribunal de Primera Instancia, Sala Superior de Caguas. Después de haberse sometido el caso por el Ministerio Público, y antes de que el jurado emitiese su veredicto, la defensa solicitó la absolución perentoria del acusado en cuanto al delito de secuestro

agravado. La defensa argumentó que no se había presentado prueba que relacionara al acusado con la planificación del secuestro en cuestión.

El foro de instancia denegó la solicitud referida. Entendió que no había ausencia total de los elementos del delito, y que la cuestión planteada era una de credibilidad. La defensa expresó entonces que habría de solicitar la reconsideración del dictamen referido.

Posteriormente, el acusado resultó convicto de todos los delitos imputados. El 13 de diciembre de 1996, cincuenta y dos (52) días después de emitido el veredicto de culpabilidad en el caso, la defensa solicitó la reconsideración del dictamen aludido y reprodujo su solicitud de absolución perentoria. Alegó que el veredicto de culpabilidad era contrario a derecho debido a que la prueba de cargo había sido insuficiente, no satisfactoria y contradictoria. El Ministerio Público se opuso a dicha solicitud. Adujo que ésta era tardía debido a que había transcurrido ya el término de tres (3) días dispuesto en las Reglas de Procedimiento Criminal para reproducir la solicitud de absolución perentoria.

Luego de examinar la solicitud referida, el Tribunal de Primera Instancia reconsideró su decisión anterior y absolvió perentoriamente al acusado en cuanto al delito de secuestro agravado. Antes de dictar sentencia respecto a los demás delitos, el foro de instancia expresó estar "convencido de una ausencia total de prueba para sostener el delito de [s]ecuestro [a]gravado contra el aquí convicto". Al reconsiderar, dicho foro señaló expresamente que

[n]o debe ser obstáculo para que un Tribunal reconsidere una moción de absolución perentoria el que la misma se haya presentado luego de transcurrido los tres (3) días que establece la Regla 135 de Procedimiento Criminal (34 L.P.R.A. Ap.

II[,] R. 135). La Regla 2 de Procedimiento Criminal establece que estas reglas se interpretarán de modo que aseguren la tramitación justa de todo procedimiento y eviten dilaciones y gastos injustificados. Este requisito de eficiencia sugiere que el juzgador debe ejercer su autoridad de supervisión inherente para segurarse [sic] de la suficiencia de la prueba para establecer una convicción criminal.

Inconforme con ese dictamen, el 18 de febrero de 1997 el Procurador General recurrió en alzada mediante recurso de *certiorari* ante el Tribunal de Circuito de Apelaciones.

El propio acusado también apeló ante el Tribunal de Circuito de Apelaciones las sentencias de 22 años de reclusión dictadas por el foro de instancia en cuanto a la convicción de Vargas de Jesús por los delitos de asesinato en segundo grado y violación a los artículos 5 y 8 de la Ley de Armas. El foro apelativo desestimó esta apelación, debido a que el apelante no notificó dicha apelación al Procurador General como debía hacerlo.

El 20 de agosto de 1997, el foro apelativo también denegó el recurso del Procurador General sobre el asunto de la absolución perentoria "por los mismos fundamentos" que utilizó el foro de instancia.

Frente a la denegatoria del Tribunal de Circuito de Apelaciones de expedir el auto solicitado por el Procurador General, el 24 de septiembre de 1997, éste recurrió ante nos mediante recurso de *certiorari*. Sostuvo en esencia que había errado el Tribunal de Circuito de Apelaciones al confirmar la sentencia dictada por el foro de instancia mediante la cual absolvió perentoriamente al acusado recurrido respecto al cargo de secuestro agravado, luego de un veredicto de

culpabilidad emitido por el jurado y aceptado por el tribunal.

Añadió que el Tribunal de Primera Instancia había actuado sin

jurisdicción al

considerar y declarar con lugar la segunda moción de absolución perentoria, cuando ya había expirado el término dispuesto por ley para ello.

El 21 de noviembre de 1997, expedimos el auto solicitado, y el 27 de febrero de 1998, le concedimos un término a la parte recurrida para presentar su alegato. El 6 de abril, el recurrido compareció. Pasamos a resolver.

II

El asunto ante nuestra consideración, de naturaleza jurisdiccional, se limita a la cuestión de si el acusado podía reproducir su moción solicitando absolución perentoria, luego de haber transcurrido el término dispuesto por ley para ello. El Procurador General nos ha planteado que el Tribunal de Primera Instancia carecía de jurisdicción para considerar la moción referida toda vez que el acusado la presentó cincuenta y dos (52) días después del plazo fijado en las Reglas de Procedimiento Criminal. Tiene razón. Veamos.

La Regla 135 de Procedimiento Criminal, 34 L.P.R.A. Ap. II, preceptúa lo relativo al trámite de la absolución perentoria. A tales efectos la Regla 135 establece:

> Queda abolida la moción para que se ordene un veredicto absolutorio. El tribunal a instancia propia o a instancia de un acusado decretará su absolución perentoria en uno o varios cargos de la acusación o denuncia luego de practicada la prueba de una o de ambas partes si la misma fuera insuficiente para sostener una convicción por ese cargo o cargos.

> De presentarse una moción de absolución perentoria luego de practicada toda la prueba, el tribunal podrá reservarse su resolución, someter el caso al jurado y resolver la moción bien antes del veredicto o después del veredicto o de disolverse el jurado sin rendir veredicto. Si el tribunal declarare sin lugar la moción antes de rendirse un veredicto de culpabilidad o de disolverse el jurado sin veredicto, la moción podrá reproducirse dentro de los tres (3) días de rendido el veredicto o

disuelto el jurado <u>siempre que no se hubiere dictado sentencia</u>. (Enfasis suplido.)

Obsérvese que la Regla 135 aludida dispone de manera clara y sin ambages un término de tres (3) días para reproducir una moción de absolución luego de que el jurado haya rendido un veredicto, sin que se hubiere dictado sentencia.

Nuestra Regla 135 de Procedimiento Criminal tiene su origen en la Regla 29 de Procedimiento Criminal federal, 18 U.S.C.A.[1] En lo pertinente, ambas reglas son esencialmente

---

[1] La Regla 29 citada dispone en lo pertinente como sigue:

(a) <u>Motion before Submission to Jury</u>. Motions for directed verdict are abolished and motions for judgment of acquittal shall be used in their place. The court on motion of a defendant or of its own motion shall order the entry of judgment of acquittal of one or more offenses charged in the indictment or information after the evidence on either side is closed if the evidence is insufficient to sustain a conviction of such offense or offenses. If a defendant's motion for judgment of acquittal at the close of the evidence offered by the government is not granted, the defendant may offer evidence without having reserved the right.

(b) <u>Reservation of Decision on Motion</u>. The court may reserve decision on a motion for judgment of acquittal, proceed with the trial (where the motion is made before the close of all the evidence), submit the case to the jury and decide the motion either before the jury returns a verdict or after it returns a verdict of guilty or is discharged without having returned a verdict. If the court reserves decision, it must decide the motion on the basis of the evidence at the time the ruling was reserved.

(c) <u>Motion after Discharge of Jury</u>. If the jury returns a verdict of guilty or is discharged without having returned a verdict, a motion for judgment of acquittal may be made or renewed within 7 days after the jury is discharged or within such further time as the court may fix during the 7-day period. If a verdict of guilty is returned the court may on such motion set aside the verdict and enter judgment of acquittal. If no verdict is returned the court may enter judgment of acquittal. It shall not be necessary to the making of such a motion that a similar motion has been made prior to

iguales, excepto que, a <sup>diferencia de la nuestra, la</sup> R<sup>egla 29</sup> federal <sup>le</sup> concede al acusado un término de siete (7) días para reproducir su solicitud de absolución perentoria, luego de que el jurado haya emitido su veredicto. Sobre lo que aquí nos concierne, <sup>el Tribunal Supremo de Estados Unidos ha</sup> resuelto de manera palmaria <sup>que una moción de absolución perentoria</sup>, presentada <sup>luego de transcurrido el plazo estatu</sup>i<sup>do</sup> para ello, <sup>priva de jurisdicción al tribunal</sup> de instancia <sup>para entender en</sup> el<sup>la</sup>. Recientemente, en <u>Carlisle v. U.S.</u>, 517 U.S. 416, 116 S. Ct. 1460 (1996), el Tribunal Supremo federal tuvo la ocasión de examinar la validez de una moción de absolución perentoria que se reprodujo un día después del plazo fijado en la susodicha Regla 29. El más alto foro judicial norteamericano determinó tajantemente <sup>que:</sup>

> [<sup>the</sup>] district court did not have authority to grant defendant's untimely motion for judgment of acquittal.

Explicó el Tribunal Supremo de Estados Unidos que:

> [i]f, as in this case, a guilty verdict is returned, a motion for judgment of acquittal must be filed, either within seven days of the jury's discharge, or within an extended period fixed by the court during that 7-days period. There is simply no room in the text of [Rule] 29 [...] for the granting of an untimely postverdict motion for judgment of acquittal, regardless of whether the motion is accompanied by a claim of legal innocence, is filed before sentencing, or was filed late because of attorney error.

<u>Carlisle v. U.S.</u>, <u>supra</u>' <sup>a la pág. 1464</sup>. Comentando esta decisión, el eminente procesalista Profesor Charles A. Wright ha expresado que "[t]he Supreme Court has emphasized the strictness of the time limits of Rule 29". <sup>Véase, C.A. Wright,</sup> <u>Federal</u> <u>Practice and Procedure</u>: Criminal 2d sec. 462, Vol. 2, West Pub. Co., St. Paul, 1982, a la pág. 156 (Supl. 1998). <sup>Véanse además,</sup> <u>U.S. v. Hyde</u>, 520 U.S. 670, 117 S.Ct. 1630

---

the submission of the case to the jury.
18 U.S.C.A.

(1997); <u>U.S. v. Murgas</u>, 177 F.R.D. 97 (N.D.N.Y. 1998); <u>U.S. v. Gaydos</u>' 108 F.3d 505 (3rd Cir. 1997); <u>U.S. v. Ruiz</u>, 105 F.3d 1492 (1st Cir. 1997); <u>U.S. v. Calderón</u>, 86 F.3d 200 (11th Cir. 1996); <u>U.S. v. Davis</u>, 992 F.2d 635 (6th Cir. 1993), cert. denied 510 U.S. 897; <u>U.S. v. Hughes</u>, 759 F.Supp. 530 (W.D.Ark. 1991); <u>U.S. v. Santa</u>' 656 F.Supp. 840 (E.D.N.Y. 1987)[2]; <u>U.S. v. Ferguson</u>, 460 F.Supp. 1 (E.D. Tenn. 1977); <u>U.S. v. Homer</u>, 411 F.Supp. 972 (W.D.Pa. 1976), cert. denied 431 U.S. 954 [3].

A la luz de lo decidido por el Tribunal Supremo de Estados Unidos en <u>Carlisle v. U.S.</u>, <u>supra</u>' resolvemos igualmente que el acusado recurrido, quien reprodujo su moción de absolución perentoria casi dos (2) meses después de emitido el veredicto de culpabilidad, no tenía facultad para renovar su solicitud de absolución pasado el término estatuido en la Regla 135 de Procedimiento Criminal de Puerto Rico. De la misma forma, resolvemos que el Tribunal de Primera Instancia no podía entender en una moción de absolución perentoria presentada

---

[2] Específicamente, en ese caso la corte de distrito federal de New York se declaró sin jurisdicción para entender en una solicitud de absolución perentoria presentada luego de haber transcurrido más de tres (3) meses de que el jurado fue disuelto y más de un (1) mes de que el abogado de la defensa le informara al tribunal de su intención de reproducir su solicitud. <u>Id.</u>, a las págs. 841-842.

[3] Algunos Tribunales de Circuito federal habían permitido que los tribunales de instancia federal pudiesen absolver perentoriamente *sua sponte* a un acusado luego del término estatuido. Véanse, <u>State of Kansas v. Thomas</u>, 755 P.2d 562 (Kan. App. 1988); <u>U.S. v. Coleman</u>, 811 F.2d 804 (3rd Cir. 1987); <u>U.S. v. Broadus</u>, 664 F.Supp. 592 (D.D.C. 1987); <u>U.S. v. Giampa</u>, 758 F.2d 928 (3rd Cir. 1985); <u>Arizona v. Manypenny</u>, 672 F.2d 761 (9th Cir. 1982), cert. denied 459 U.S. 850. No obstante, el Tribunal Supremo federal en <u>Carlisle</u>, <u>supra</u>, a las págs. 1464-1465, desautorizó tal práctica. Reafirmando al Sexto Circuito en <u>Carlisle v. U.S.</u>, 48 F.3d 190 (1995), el Tribunal Supremo de Estados Unidos sostuvo que "[the] district court has no jurisdiction to enter a judgment of acquittal sua sponte after the case has been submitted to the jury". <u>Id</u>.

tardíamente. Los claros términos de la Regla 135 así lo disponen. Además, reiteradamente hemos resuelto que cuando en Puerto Rico se implanta una norma o procedimiento tomado de otra jurisdicción, debe presumirse que se adopta aquí también la interpretación y alcance que tenían en su lugar de origen. _Pérez Maldonado v. J.R.T._, Op. del 12 de marzo de 1993, 132 D.P.R. _____, 93 JTS 38, a las págs. 10515-10516. Véanse además, _Pueblo v. Reyes Bonilla_, 100 D.P.R. 265 (1971); _Luce & Co. v. Junta Relaciones del Trabajo_, 82 D.P.R. 96, n. 2 (1961); _Jiménez v. Jones_, 74 D.P.R. 260 (1953); _Corretjer v. Tribl. de Distrito_, 72 D.P.R. 754 (1951); _Nieves v. Jones_, 72 D.P.R. 287 (1951); _Padilla v. Vidal_, 71 D.P.R. 517 (1950); _Legarreta v. Tesorero de P.R._, 55 D.P.R. 22 (1939); _Vázquez v. Font_, 53 D.P.R. 265 (1938); _Díaz v. P.R. Railway, Light & Power Co._, 21 D.P.R. 78 (1914). Nuestra Regla 135, que procede de la Regla 29 federal antes mencionada, debe interpretarse como el Tribunal Supremo de Estados Unidos ha interpretado la regla federal, por lo que debemos concluir que nuestra regla, como la federal, priva de jurisdicción a los tribunales de justicia para adjudicar una moción de absolución perentoria renovada tardíamente. En consecuencia, el Tribunal de Circuito de Apelaciones erró al no revocar la sentencia absolutoria del foro de instancia, que fue dictada sin jurisdicción para ello·

III

Por los fundamentos antes expuestos, se dictará sentencia para revocar la resolución recurrida del Tribunal de Circuito de Apelaciones. En su lugar, se reinstalará el veredicto de culpabilidad emitido por el jurado en contra del recurrido y se ordenará al Tribunal de Primera Instancia a

pronunciar la sentencia que corresponda y a proceder con dicho trámite sin necesidad de ulteriores procedimientos.

JAIME B. FUSTER BERLINGERI
JUEZ ASOCIADO

EN EL TRIBUNAL SUPREMO DE PUERTO RICO


EL PUEBLO DE PUERTO RICO

    Demandante-Recurrente


       vs.                    CC-97-538        CERTIORARI


ANGEL L. VARGAS DE JESUS

    Demandado-Recurrido


SENTENCIA


San Juan, Puerto Rico, a 30 de septiembre de 1998.


Por los fundamentos expuestos en la Opinión que antecede, la cual se hace formar parte de la presente sentencia, se revoca la resolución recurrida del Tribunal de Circuito de Apelaciones. En su lugar, se reinstala el veredicto de culpabilidad emitido por el jurado en contra del recurrido y se ordena al Tribunal de Primera Instancia pronunciar la sentencia que corresponda y proceda con dicho trámite sin necesidad de ulteriores procedimientos.

Lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo. El Juez Presidente señor Andréu García y el Juez Asociado señor Rebollo López no intervinieron.


                          Isabel Llompart Zeno
                  Secretaria del Tribunal Supremo