**UNITED STATES of America,**
**Appellant,**

v.

**Nathaniel COLEMAN, a/k/a "Boo Tee Coleman", Anthony Del Bono, a/k/a "Nonnie Del Bono".**

Nos. 86–1224, 86–1225.

United States Court of Appeals,
Third Circuit.

Argued Oct. 14, 1986.

Decided Feb. 18, 1987.

Edward S.G. Dennis, Jr., U.S. Atty., Walter S. Batty, Jr., Asst. U.S. Atty., Chief of Appeals, Michael R. Lazerwitz (argued), Asst. U.S. Atty., Philadelphia, Pa., for appellant.

Ben W. Joseph (argued), Philadelphia, Pa., for appellee, Del Bono.

Stanley Weinberg (argued), Philadelphia, Pa., for appellee, Coleman.

Before GIBBONS, Chief Judge, BECKER, Circuit Judge and BROWN, District Judge *.

## OPINION OF THE COURT

BROWN, District Judge:

The government appeals from orders of the United States District Court for the Eastern District of Pennsylvania granting appellee Nathaniel Coleman's motion for a new trial and granting appellee Anthony Del Bono's motion for a judgment of acquittal.

Jurisdiction over the government's appeal of the order granting appellee Coleman's motions for a new trial and appellee Del Bono's motion for acquittal is based upon 18 U.S.C. § 3731 (1982), which expressly authorizes such an appeal by the United States in a criminal case in which the district court has issued an order

"granting a new trial after verdict or judgment...."

Although appellee Del Bono contends that 18 U.S.C. § 3731 does not authorize government appeals of judgments of acquittal, it is well-settled law that a judgment of acquittal may be appealed so long as an order reversing the district court would not result in a retrial. *United States v. Scott,* 437 U.S. 82, 98 S.Ct. 2187, 57 L.Ed.2d 65 (1978); *United States v. Martin Linen Supply Co.,* 430 U.S. 564, 97 S.Ct. 1349, 51 L.Ed.2d 642 (1977); *Government of Virgin Islands v. Hoheb,* 777 F.2d 138 (3d Cir.1985). Although not expressly enumerated in 18 U.S.C. § 3731, judgments of acquittal are appealable under that section. *United States v. Leal,* 781 F.2d 1108 (5th Cir.1986). "The availability of an appeal depends not on statutory restrictions; rather, only the double jeopardy clause of the Fifth Amendment limits the government's power to do so." *Id.* at 1110. If this court were to reverse the judgment of acquittal that was granted after the jury verdict of guilty, then the verdict would merely be reinstated and the defendant would not have to be retried. As such, the double jeopardy clause would not be violated. *United States v. Jannotti,* 673 F.2d 578, 580 n. 1 (3d Cir.) (in banc), *cert. denied,* 457 U.S. 1106, 102 S.Ct. 2906, 73 L.Ed.2d 1315 (1982).

## I.

On June 2, 1980, appellee Coleman was scheduled to stand trial in the United States District Court for the Eastern District of Pennsylvania for various federal narcotics charges. The government's primary witness in that case was Nigel Anderson (Anderson), who had agreed to act as a confidential informant against Coleman. On various occasions, Anderson wore a body recorder while he was purchasing heroin from Coleman, and the transactions were recorded.

---

* Hon. Garrett E. Brown, Jr., United States District Judge for the District of New Jersey, sitting by designation.

On June 1, 1980, the day before the trial, Anderson was found dead in a room at the Crossroads Motel in Whitpain, Pennsylvania. The government contended that Coleman and Del Bono were responsible for luring Anderson to the motel room and having him murdered, so that he would not be able to testify at Coleman's trial. Del Bono was at the time a business associate and friend of Coleman. Coleman and Del Bono were indicted and charged with violations of 18 U.S.C. § 241 (1982), which prohibits conspiring "to injure, oppress, threaten, or intimidate any citizen in the free exercise or enjoyment of any right or privilege secured to him ...", 18 U.S.C. § 1503 (1982), which prohibits obstruction of "the due administration of justice," and 18 U.S.C. § 2 (1982), which forbids anyone from aiding, abetting, inducing or causing an act to be done by another which is "an offense against the United States."

Coleman and Del Bono were tried on these charges in the Eastern District of Pennsylvania in September of 1985. The jury found Del Bono not guilty of the obstruction of justice charge, but was deadlocked as to the conspiracy charge against him, and as to both the conspiracy and obstruction of justice charges against Coleman. A mistrial was declared, and a new trial was held in December, 1985. This time the jury found Coleman guilty of conspiracy and obstruction of justice, and found Del Bono guilty of conspiracy. Within four days after the jury verdicts, Coleman and Del Bono filed motions for extensions of the time period within which to file post-trial motions.

Over four weeks after the jury verdicts, the court granted the motion for an extension of time, giving the defendants until January 15, 1986 to file post-trial motions. Del Bono and Coleman each filed motions for a judgment of acquittal and for a new trial. On March 10, 1986, the district court denied Coleman's motion for a judgment of acquittal but granted his motion for a new trial. The court also granted Del Bono's motion for a judgment of acquittal and denied as moot his motion for a new trial.

As to Del Bono, the court held that the evidence submitted by the government was insufficient to prove beyond a reasonable doubt that Del Bono had conspired to violate Anderson's civil rights. As to Coleman, the court ordered a new trial, because it found that the prosecution committed a *Brady* violation by withholding from the defense a proffer letter which it had issued to one Haywood Logan, the government's primary witness against Coleman. *See Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). The letter promised Logan certain positive considerations in his own pending narcotics trial in exchange for his testimony against Coleman. In addition, the court *sua sponte* held that the constant "bickering" and "derisive attitude" between counsel at trial adversely affected the jury in its determination of guilty and therefore justified a new trial. The government promptly appealed the district court's order.

## II.

The first issue raised by the government on appeal is whether or not the district court had jurisdiction to entertain Coleman's motions for a new trial and for acquittal, given his failure to file those motions within the time required under the Federal Rules of Criminal Procedure.

Both Federal Rule of Criminal Procedure 29 and Federal Rule of Criminal Procedure 33, relating, respectively, to motions for acquittal and motions for a new trial, state that such motions must be made within seven days after the jury verdict, or "within such further time as the court may fix during the 7–day period." Federal Rule of Criminal Procedure 45(b), relating to enlargement of time, states that the time for taking any action under Rules 29 and 33 may not be enlarged, except under the conditions stated in those rules. In this case, Coleman's motions were not made until approximately five weeks after the jury verdict, because the court granted Coleman an extension of time within which to file his motions. However, that extension was not granted within the seven-day period imme-

diately following the jury verdict, even though Coleman sought an extension of time within that seven-day period.

 The time limit for filing motions under Rule 33 is jurisdictional. Thus, a district court is powerless to entertain such motions out of time unless the court grants an appropriate extension within seven days after the verdict. *United States v. Smith*, 331 U.S. 469, 474–75, 67 S.Ct. 1330, 1333–34, 91 L.Ed. 1610 (1947); *United States v. Dukes*, 727 F.2d 34, 38 (2d Cir.1984); *United States v. Hazeem*, 679 F.2d 770, 774 (9th Cir.), *cert. denied*, 459 U.S. 848, 103 S.Ct. 106, 74 L.Ed.2d 95 (1982); *United States v. Lebovitz*, 586 F.Supp. 265, 269 (W.D.Pa.), *aff'd mem.*, 746 F.2d 1468 (3d Cir.1984). *See also* 3 C. Wright, *Federal Practice and Procedure* § 558 (2d ed. 1982). Because Coleman's motion for a new trial was out of time, even though the motion was made with permission of the court, the district court's grant of a new trial must be reversed. As such, the jury verdict will be reinstated.

 However, the same result does not necessarily obtain for a motion of acquittal under Rule 29. In *United States v. Giampa*, 758 F.2d 928, 936 n. 1 (3d Cir.1985), this court specifically held that a district court may enter a judgment of acquittal *"sua sponte* under its inherent power," without regard to the seven-day requirement of Rule 29. *See also United States v. Wright-Barker*, 784 F.2d 161 (3d Cir.1986) (reiterating *Giampa's* holding as to court's inherent power, but refusing to define limits of this power). This inherent power to enter a judgment of acquittal does not extend to judgments granting a new trial because such judgment, entered *sua sponte* by the court, might place the defendant twice in jeopardy. Even though the government may appeal an acquittal in some instances, the defendant will never face a new trial after such an appeal.

Here, although the district court entered a judgment of acquittal on Del Bono's motion for acquittal, and not *sua sponte*, it would be inconsistent to hold that the court's inherent power to grant an acquit-

tal out of time *sua sponte* does not extend to those occasions when a motion is made and granted. Accordingly, Del Bono's acquittal cannot be reversed for such a procedural deficiency, and we must now consider the merits of the appeal.

### III.

Our standard of review in examining a post-verdict judgment of acquittal is the same as that applied by the trial court; that is, we

> must view the evidence in the light most favorable to the verdict, and must presume that the jury has properly carried out its functions of evaluating credibility of witnesses, finding the facts, and drawing justifiable inferences. A verdict will be overruled only if no reasonable juror could accept the evidence as sufficient to support the conclusion of the defendant's guilt beyond a reasonable doubt.

*United States v. Campbell*, 702 F.2d 262, 264 (D.C.Cir.1983) (citations omitted); *see also United States v. Castro*, 776 F.2d 1118, 1125 (3d Cir.1985), *cert. denied*, — U.S. —, 106 S.Ct. 1233, 89 L.Ed.2d 342 (1986); *United States v. Dixon*, 658 F.2d 181, 188 (3d Cir.1981).

Although the elements of the conspiracy may be proven entirely with circumstantial evidence, *United States v. Kapp*, 781 F.2d 1008, 1010 (3d Cir.), *cert. denied*, — U.S. —, 106 S.Ct. 1220, 89 L.Ed.2d 330 (1986), "[t]he sufficiency of the evidence in a conspiracy prosecution requires close scrutiny." *United States v. Cortwright*, 528 F.2d 168, 171 (7th Cir.1975).

This court must determine "whether all the pieces of evidence against the defendant, taken together, make a strong enough case to let the jury find him guilty beyond a reasonable doubt." *United States v. Allard*, 240 F.2d 840, 841 (3d Cir.), *cert. denied*, 353 U.S. 939, 77 S.Ct. 814, 1 L.Ed.2d 761 (1957); *see also United States v. Thevis*, 665 F.2d 616, 648 (5th Cir.1982) (jury verdict must be sustained whether evidence is circumstantial or direct, as long as evidence is substantial for a finding of guilty

under the beyond a reasonable doubt standard). Slight evidence of a defendant's connection with a conspiracy is insufficient to support a guilty verdict. *See United States v. Samuels*, 741 F.2d 570, 573 (3d Cir.1984). The government must prove every element of the offense beyond reasonable doubt. *Id.*

■ Under this test, the judgment of acquittal must be affirmed. The evidence against Del Bono was entirely circumstantial. The government failed ever directly to connect Del Bono with the conspiracy. It is true that Del Bono was a long time associate and then business partner of Coleman. He saw Coleman regularly, and was well aware that Coleman was about to stand trial on federal narcotics charges. He even agreed to be a character witness for Coleman. Del Bono admittedly rented the motel room in which Anderson was found murdered. However, he claims not to have used the room, having lost the motel room key either at a car wash or sometime on the day of Anderson's murder. He claims that he did not see or speak to Coleman that weekend. His testimony at trial as to why he rented the room, and as to why he chose not to use it, was inconsistent with his pre-trial statements. The significance of the change in the story, which pertained to Del Bono's liaisons with women, is questionable, and the government never raised more than a suggestion that Del Bono's stated reasons for the room rental were fabrications. However, even assuming that Del Bono was not truthful, the evidence falls short.

18 U.S.C. § 241 is a conspiracy statute and, as such, it requires that "the prosecution ... show that the offender acted with a specific intent to interfere with the federal rights in question." *Anderson v. United States*, 417 U.S. 211, 223, 94 S.Ct. 2253, 2262, 41 L.Ed.2d 20 (1974) (citations omitted). In order to violate § 241 Del Bono would have had to know that the goal of the conspiracy was to prevent Anderson from testifying. *United States v. Barker*, 546 F.2d 940 (D.C.Cir.1976) (intent required is intent to interfere with the specific feder-

al right in question). There is no such evidence here nor any evidence from which an inference to that effect could be drawn. In a section 241 case, the record must be scrutinized with great care for such evidence of conspiracy, since conspiracy cannot be proven "... by piling inference upon inference, thus fashioning ... a dragnet to draw in all substantive crimes." *Anderson*, 417 U.S. at 224, 94 S.Ct. at 2262 (quoting *Direct Sales Co. v. United States*, 319 U.S. 703, 711, 63 S.Ct. 1265, 1269, 87 L.Ed. 1674 (1943)).

The record in this case consists solely of inferences. There is not the totality of evidence from which a reasonable juror could logically infer that Del Bono conspired to deprive Anderson of his civil rights. The action of Del Bono in renting the room does not amount to the specific intent necessary to commit the crime. This is true even if we consider his prior association with Coleman. Therefore, the district court properly granted Del Bono's motion for acquittal.

### IV.

Having determined that appellee Coleman's motion for a new trial was out of time, we reverse the district court's grant of a new trial and reinstate the jury verdict as to him. Having further determined that the evidence is insufficient to prove appellee Del Bono guilty of conspiracy under 18 U.S.C. § 241, we affirm the district court's grant of Del Bono's motion for acquittal. The judgment of the district court will therefore be affirmed in part and reversed in part.