

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-5-2004

# USA v. McArthur

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-2144

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"USA v. McArthur" (2004). *2004 Decisions.* Paper 416.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/416

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEAL
FOR THE THIRD CIRCUIT

No. 03-2144

UNITED STATES OF AMERICA,

v.

LARRY MCARTHUR
a/k/a Larry Williams

Larry McArthur,

Appellant

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal No. 94-cr-00402-1)
District Judge: Hon. Norma L. Shapiro

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 27, 2004

BEFORE: RENDELL and COWEN, Circuit Judges and SCHWARZER*, District Judge

(Filed : August 5, 2004)

OPINION

*Honorable William W. Schwarzer, Senior United States District Judge for the Northern
District of California, sitting by designation.

COWEN, <u>Circuit Judge</u>

Larry McArthur appeals an order of the District Court denying and dismissing his <u>pro</u> <u>se</u> Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255. We have jurisdiction under 28 U.S.C. § 1291, and will affirm.

On January 19, 1995, a jury in the Eastern District of Pennsylvania convicted McArthur of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). The conviction was based primarily on the testimony of three Philadelphia Housing Authority police officers who observed McArthur carrying a sawed-off shotgun on the Philadelphia streets. McArthur appealed his conviction and sentence, which were affirmed on December 15, 1995. Because he did not file a petition for certiorari to the United States Supreme Court, his conviction became final on March 15, 1996.

McArthur filed a § 2255 motion on August 3, 2001, raising claims of ineffective assistance of counsel, "false reports and misleading facts," perjured testimony, and newly discovered evidence. First, he argued that his trial counsel was ineffective because counsel coerced him into signing three stipulations which were read into evidence at trial. Next, he alleged inconsistencies in the initial police reports made by the officers involved and those officers' testimony before the grand jury and at trial. Finally, he raised as newly-discovered evidence a January 24, 2001 newspaper article reporting the perjury conviction and sentence of one of the officers in an unrelated case.

The District Court, finding that McArthur's claim of newly-discovered evidence

presented no constitutional issue, converted the bulk of the § 2255 motion into a Federal Rule of Criminal Procedure 33 motion for a new trial and denied it as untimely. It then determined that the remainder of the § 2255 motion was untimely under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), and held that McArthur had not alleged a sufficient basis for equitably tolling the limitations period. On appeal, McArthur argues that the District Court erred in determining that the equitable tolling doctrine was inapplicable to his motion. He also argues that the District Court erred in rejecting his claim that the perjury conviction constituted "newly discovered evidence" under 28 U.S.C. § 2255(a) that would bring the motion within the limitations period. We exercise plenary review over the District Court's legal conclusion. United States v. Cepero, 224 F.3d 256, 258 (3d Cir. 2000).

The District Court correctly determined that the "newly discovered" evidence of a witness's subsequent perjury conviction in an unrelated case is not an independent ground for relief in a § 2255 motion. See U.S. v. Garth, 188 F.3d 99, 108 (3d Cir. 1999) ("'[F]ederal habeas courts sit to ensure that individuals are not imprisoned in violation of the Constitution,' and not to review questions of guilt or innocence.") (citing Herrera v. Collins, 506 U.S. 390, 404 (1993)). Because the perjury conviction itself does not support a claim of a constitutional violation that occurred at trial, McArthur cannot rely on § 2255(4) to extend the limitations period on his otherwise untimely motion. Nor is the doctrine of equitable tolling available to McArthur on this ground. Although the

3

District Court acted within its discretion to consider the newly discovered evidence claim as part of a Rule 33 motion for a new trial, it correctly recognized that the limitations period on such a motion is jurisdictional, and therefore not subject to equitable tolling. Shendock v. Director, Office of Workers' Compensation, 893 F.2d 1458, 1466 (3d Cir. 1990) ("Equitable tolling . . . simply is not available when there are jurisdictional limitations."); United States v. Coleman, 811 F.2d 804, 807 (3d Cir. 1987) ("The time limit for filing motions under Rule 33 is jurisdictional."). Finally, we find no merit to McArthur's argument that the AEDPA limitations period should be tolled with regard to the constitutional claims in his § 2255 motion because he was never advised of his right to file a habeas petition. See Pennyslvania v. Finley, 481 U.S. 551, 555 (1987) (no right to counsel on collateral attacks to a conviction).

For the foregoing reasons, we conclude that the District Court did not err in determining that McArthur's motion was time-barred. The judgment of the District Court entered on March 20, 2003 will be affirmed.

4