

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-20-2005

# USA v. Bui

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-3089

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"USA v. Bui" (2005). *2005 Decisions.* Paper 374.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/374

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 04-3089

UNITED STATES OF AMERICA,

v.

LETHU BUI,
a/k/a JADE BUI

Lethu Bui,

Appellant

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal No. 03-cr-00257-2)
District Judge: Hon. Cynthia M. Rufe

Submitted Pursuant to Third Circuit LAR 34.1(a)
October 18, 2005

BEFORE: SCIRICA, Chief Judge, VAN ANTWERPEN and COWEN, Circuit Judges

(Filed :   October 20, 2005)

OPINION

COWEN, Circuit Judge.

Lethu Bui appeals the District Court's order denying her post-verdict motion for a judgment of acquittal on the grounds that there was sufficient evidence from which a reasonable jury could find beyond a reasonable doubt that she misappropriated postal funds. Bui contends that the Government did not prove the requisite intent and knowledge required by law to convict her of the charged offenses. We have jurisdiction pursuant to 28 U.S.C. § 1291 and will affirm.

As we write solely for the parties, we only provide a brief recitation of the facts. Bui was employed as a postal service window clerk and had custody of postal funds in order to transact business with the public. During her employment, Bui cashed a total of 14 personal checks drawn on a joint account with her boyfriend, Michael La. Seven of the checks did not clear her joint account and these checks were the basis for the charged offenses. Two of these checks (Count One and Two) did not clear the account because La stopped payment on the checks. The third check (Count Three) was returned for insufficient funds. The other four checks (Counts Four to Seven) did not clear because La closed the account.

Following a four day trial, Bui was convicted of seven counts of misappropriation of postal funds in violation of 18 U.S.C. § 1711. Bui subsequently filed a post-verdict motion for judgment of acquittal, a new trial, and arrest of judgment, which was denied and this appeal ensued.

We review *de novo* a district court's order denying a post-verdict judgment of acquittal and apply the same standard the district court was required to apply. *See United States v. Coleman*, 811 F.2d 804, 807 (3d. Cir. 1987). Like the district court, we must be "particularly deferential . . . when deciding whether a jury verdict rests on legally sufficient evidence . . . we must view the evidence in the light most favorable to the government, and. . . sustain the verdict if any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *See United States v. Dent*, 149 F.3d 180, 187 (3d Cir. 1998) (internal quotation marks and citations omitted).

The Misappropriation of Postal Funds statute provides in pertinent part:

> Whoever, being a Postal Service officer or employee, loans, uses, pledges, hypothecates or converts to his own use, or deposits in any bank, or exchanges for other funds or property, except as authorized by law, any money or property coming into his hands or under his control in any manner, in the execution or under color of his office, employment or service . . . is guilty of embezzlement.

18 U.S.C. § 1711. To secure a conviction under this statute the Government had to prove three elements: (1) Bui was an employee of the United States Postal Service; (2) Bui *intentionally* converted to her own use money or property, and (3) such money or property came under her control in the execution or under color of her employment. As Bui does not dispute the first or third elements of the offense, only the intent element is at issue here.

Bui argues that the Government offered insufficient evidence that she had the requisite intent to embezzle postal funds because she expected the checks to clear. She

3

argues that the bank rejected the checks because La, unbeknownst to her and without her permission, stopped payment on two checks and closed the account before the other five could clear. Because she was allegedly ignorant of the stop-payment and account closure, Bui contends that the Government cannot show that she possessed the requisite intent to embezzle postal funds. We disagree.

After reviewing the record, we find that the Government presented sufficient evidence from which a reasonable jury could conclude beyond a reasonable doubt that Bui had the requisite knowledge and intent to convert postal funds to her own use. As for the first two checks (Counts One and Two), although it is true that La caused the checks to be returned because he stopped payment, the Government presented sufficient evidence that even if he had not stopped payment on these checks, they would have caused an overdraft. Similarly, for the other five checks (Counts Three to Seven) the Government presented sufficient evidence that even if La had not closed the account, the account contained insufficient funds to clear the checks. In fact, the third check was returned for insufficient funds, not because La closed the account.

Bui's contention that she gave La additional funds to deposit into the account, which he failed to do, is similarly unavailing. First, Bui requested that he deposit the funds several days after La closed the account. Further, the jury could have credited La's testimony that he informed Bui that he was going to close the account prior to doing so.

4

Finally, the funds that Bui gave La to deposit into the account were not sufficient to cover all of the outstanding checks she issued to the postal service.

Accordingly, as the District Court correctly concluded, the Government presented sufficient evidence that Bui "wrote overdraft checks, deposited them in her cash drawer at the post office, took the money from her drawer, and admitted to investigators that she made personal use of the money." (App. at 7.) Based on this evidence, a reasonable jury could have found beyond a reasonable doubt that Bui misappropriated postal funds.

For the foregoing reasons, the judgment of the District Court entered on July 13, 2004 will be affirmed.

_____