**NOT PRECEDENTIAL**

**UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT**

_____

No. 16-1569
_____


UNITED STATES OF AMERICA

v.

CHRISTOPHER STEELE,
a/k/a MIKE DOZOR

Christopher Steele,

Appellant

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(District Court No.:  2-14-cr-00110-001)
District Judge:  Honorable Juan R. Sanchez

Submitted under Third Circuit L.A.R 34.1(a)
on November 7, 2016

Before:  JORDAN, GREENAWAY, JR. and RENDELL, Circuit Judges

(Opinion filed: November 29, 2016)

_____

---

**RENDELL**, <u>Circuit Judge</u>:

Christopher Steele was convicted by a jury of charges related to his communication and sexual contact with a minor. He now appeals the trial court's denial of his motions for judgment of acquittal and a new trial. Because there was sufficient evidence for a jury to convict Steele of knowingly receiving child pornography, and because the trial court's refusal to grant a new trial was not plain error, we will affirm.

## I.    Facts

In the summer of 2013, Christopher Steele began interacting with a minor on the gay social networking cell phone application "Jack'd." Although the minor indicated he was eighteen in his Jack'd profile, in conversation on Jack'd he told Steele that he was actually fourteen. Shortly after the two began conversing, Steele traveled from his residence in Delaware to the minor's home in Pennsylvania, where the two engaged in oral and anal sex. After the encounter, the minor sent Steele two explicit photographs using the Jack'd application.

In October of 2013, the minor's parents discovered Steele's digital communications with their son. They contacted the police, who interviewed the minor. After the police's initial investigation into the matter, the minor identified Steele in a photo array as the man with whom he had had sexual contact.

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Police arrested Steele. Steele waived his Miranda rights, and in a videotaped interview he admitted that he had talked with the minor on Jack'd and that he had traveled to the minor's home where he had sex with him. He also confessed that the minor told him he was fourteen years old before the two met in person.

Officers then seized Steele's cell phone. Forensic examination of the cell phone revealed one image of the minor with his legs spread so that his private area was exposed. Records obtained from Steele's Jack'd account revealed a second photograph, in which the minor was wearing only underwear, positioned with his legs pulled back so that his genitals could be seen. In both pictures, the minor's face was visible.

At trial, an FBI agent testified that cell site data showed Steele's cell phone traveling from Delaware to the minor's home on the morning that Steele and the minor allegedly had sex. Steele's mother testified that she was the subscriber for the cell phone account and that she gave Steele the cell phone. The minor testified that he had told Steele he was only fourteen, that he had sexual intercourse with Steele, and that shortly thereafter he sent Steele two explicit photographs using Jack'd.

A computer forensic expert testified about how he recovered the two explicit images of the minor. However, he was unable to testify in detail about how Jack'd operated on differing smartphone interfaces. He also testified that only one of the two explicit photos was stored directly on the cell phone's memory.

Steele testified in his own defense. He asserted that twelve to fifteen people had access to his email accounts and passwords and that any of these individuals could have accessed his Jack'd account. He further testified that he did not recall interacting with the

3

minor. Steele testified that his confession to police was a lie and that he had only confessed to the crime to protect his ex-partner.

The jury convicted Steele of (1) using an interstate commerce facility to entice a minor to engage in sexual conduct, in violation of 18 U.S.C. § 2422(b); (2) interstate travel with intent to engage in illicit sexual conduct with a minor, in violation of 18 U.S.C. § 2423(b), and (3) receipt of child pornography, in violation of 18 U.S.C. § 2252(a)(2).

Steele raised two post-trial motions: one for acquittal based on insufficiency of the evidence on the charge of receipt of child pornography, and one for a new trial due to the prosecution's allegedly improper closing remarks.

In response, the District Court Judge first dismissed Steele's motion for acquittal based on the sufficiency of the evidence. He pointed to evidence allowing the jury to conclude beyond a reasonable doubt that Steele knowingly received images depicting a minor engaging in sexually explicit conduct.

Second, the Judge turned to the motion for a new trial. As background: prior to the trial, the government had moved to bar evidence of the minor's other sexual behavior or sexual predisposition pursuant to Federal Rule of Evidence 412. Steele failed to respond, so the court granted the motion. At trial, Steele attempted to ask a detective about a conversation the minor had with Steele's ex-partner. Because Steele's ex-partner also had sexual contact with the minor, the government successfully objected to the question under the Rule 412 order.

4

Later, after Steele testified that he had lied in the videotaped confession to protect his ex-partner, defense counsel reiterated in closing that Steele had confessed to the crimes to protect his ex-partner. In rebuttal closing, the government said in reference to the ex-partner that Steele "never named this person, he never gave him information, he was never called as a witness and the defense doesn't have to do any of that, because that's the Government's burden at all time [sic]." Steele did not object to the remark at the time it was made.

The District Court denied the motion for a new trial, finding that the prosecutor's remarks did not infect the trial with unfairness so as to amount to a denial of due process. The Court described the considerable evidence pointing towards Steele's guilt. The District Court Judge further noted that Steele himself injected his ex-partner into the trial, and the government's response was not entirely unfair. Finally, he found that any harm from the prosecution's brief reference to Steele's ex-partner was cured by the court's jury instructions before and after closing arguments. Steele timely appealed.

## II.  Discussion

We have jurisdiction under 28 U.S.C. § 1291. The District Court had jurisdiction pursuant to 18 U.S.C. § 3231.

*(A) Receipt of Child Pornography*

Steele first argues that there was insufficient evidence to support his conviction of receipt of child pornography, 18 U.S.C. § 2252(a)(2),[1] and thus his motion for a judgment of acquittal should have been granted.

We review sufficiency of the evidence rulings de novo, but our standard of review for even a preserved objection to sufficiency of the evidence is nevertheless "highly deferential." *United States v. Caraballo-Rodriguez*, 726 F.3d 418, 430 (3d Cir. 2013) (en banc). The question is whether any "reasonable juror could accept the evidence as sufficient to support the conclusion of the defendant's guilt beyond a reasonable doubt." *Id.* at 430–31 (quoting *United States v. Coleman*, 811 F.2d 804, 807 (3d Cir. 1987)). As an appellate court, we "'must be ever vigilant . . . not to usurp the role of the jury by weighing credibility and assigning weight to the evidence, or by substituting [our] judgment for that of the jury.'" *Id.* at 430 (quoting *United States v. Brodie*, 403 F.3d 123, 133 (3d Cir. 2005)).

Under this deferential standard of review, we have no difficulty upholding the ruling below.

There was significant evidence supporting Steele's conviction, more than enough for a jury to have concluded Steele knowingly received child pornography. First, the minor testified that he sent the photos to Steele via Jack'd and communicated with him

---

[1] § 2252(a)(2) sanctions "[a]ny person who . . . knowingly receives, or distributes, any visual depiction using any means or facility of interstate or foreign commerce or that has been mailed, or has been shipped or transported in or affecting interstate or foreign commerce . . . if —
>    (A) the producing of such visual depiction involves the use of a minor engaging in sexually explicit conduct; and
>    (B) the visual depiction is of such conduct . . . .

on the application; Steele confessed that he interacted with the minor on the application. Second, one of the two photos was recovered from Steele's Jack'd account. The other was found directly in Steele's phone's memory. *Cf. United States v. Franz*, 772 F.3d 134, 156 (3d Cir. 2014) (evidence that photo was downloaded and saved to external hard drive supported conviction for knowing receipt of child pornography).

While Steele makes much of the fact that many other individuals had access to his phone and accounts, the jury heard—and apparently disregarded—this evidence. We will not substitute our judgment for theirs. *See Caraballo-Rodriguez*, 726 F.3d at 430. This is especially true where, as here, clear evidence supports the jury's conclusion: Steele's cell phone was taken from Steele at the time of arrest, and Steele's mother testified that she gave him the cell phone.

Steele further stresses that Jack'd was a website for adults only, and thus he could not have known the minor was underage, especially given the relatively limited size of the cell phone screen. However, his own interactions with the minor, the nature of the photographs, and the minor's testimony left the jury free to disagree.

Finally, Steele argues that the government did not prove that Jack'd did not automatically preserve the images on Steele's cell phone, and thus there was insufficient evidence to support his conviction. While internet technology has presented thorny legal issues with respect to crimes involving receipt of child pornography, *see, e.g.*, *United States v. Romm*, 455 F.3d 990, 999–1000 (9th Cir. 2006), here we need not enter that thicket.

7

We find our reasoning in *United States v. Miller*, 527 F.3d 54 (3d Cir. 2008) instructive. There, we held that a reasonable jury could have concluded that a defendant knowingly received child pornography, despite a lack of direct forensic evidence as to how the images were transferred onto the defendant's computer. *See id.* at 67–69. We noted that while the defendant's computer may have transferred the relevant files automatically onto the zip disk at one point, evidence suggested that the computer's user may have been responsible for other transfers to a zip disk. *Id.* at 69.

So, too, here, despite a lack of testimony as to precisely how Jack'd functioned, there was sufficient evidence for the jury to find as it did. One of the two photos remained on Steele's cell phone four months after Steele and the minor met, stored in the device's memory. This photo had apparently been handled differently than the other photo of the minor, allowing an inference that it had been downloaded or otherwise non-passively transferred onto Steele's phone from the Jack'd application. This fact, combined with the minor's young appearance and Steele's personal knowledge of the minor's age, provided more than enough evidence to support the jury's finding. Thus, the motion for a judgment of acquittal was properly denied.

*(B) Motion for a New Trial*

When, as here, the defendant has failed to object to the prosecutor's closing remarks at trial, we review the decision declining to grant him a new trial for plain error. *See United States v. Hakim*, 344 F.3d 324, 328 (3d Cir. 2003).

The defendant bears the heavy burden of proving plain error. *United States v. Olano*, 507 U.S. 725, 734–35 (1993). He must show that (1) there is "error," (2) that it is

8

"plain," and (3) that the error affected substantial rights. *Hakim*, 344 F.3d at 328 (quotations and citation omitted). Even when these elements are present, the decision to award relief still remains in our discretion. *See id.* This discretion is to be exercised when the error "'seriously affect[s] the fairness, integrity or public reputation of judicial proceedings.'" *Id.* (quoting *Johnson v. United* States, 520 U.S. 461, 467 (1997)).

Even if Steele had raised the objection, we would grant him a new trial only if he was prejudiced by the allegedly improper remarks. *United States v. Helbling*, 209 F.3d 226, 241 (3d Cir. 2000).[2] "In determining prejudice, we consider the scope of the objectionable comments and their relationship to the entire proceeding, the ameliorative effect of any curative instructions given, and the strength of the evidence supporting the defendant's conviction." *United States v. Zehrbach*, 47 F.3d 1252, 1265 (3d Cir. 1995).

Accordingly, we first consider the allegedly objectionable comments themselves. The Court's in limine Rule 412 order effectively prevented Steele from giving any details about his ex-partner, who also had sexual contact with the minor. But after Steele mentioned his ex-partner on the stand and his counsel did so in closing,[3] the prosecution faulted him in closing rebuttal for failing to provide any details about the ex-partner.

We need not probe the government's comments too deeply, because to the extent they were improper, they did not prejudice Steele. Certainly they did not "seriously affect the fairness, integrity or public reputation of judicial proceedings." *Hakim*, 344 F.3d at

---

[2] Where, as here, the alleged error is non-constitutional, we affirm when it is "'highly probable that the error did not contribute to the judgment.'" *Helbling*, 209 F.3d at 241 (quoting *Gov't of Virgin Islands v. Toto*, 529 F.2d 278, 284 (3d Cir. 1976)).

[3] The District Court noted that Steele's counsel's discussing his ex-partner in closing was "in violation" of the Court's Rule 412 order. J.A. 23–24.

328 (quoting *Johnson*, 520 U.S. at 467). The evidence against Steele was strong: a screen shot of Steele's communication with the minor; testimony of the minor; evidence recovered from Steele's phone; cell phone site data placing Steele at the victim's house; and a videotaped confession providing accurate details of the encounter, including details not available in the affidavit of probable cause. Further, the District Court gave a curative instruction that the attorneys' statements were not evidence and the burden of proof rested with the government, ameliorating potential harm from the prosecutor's remarks.

Under these circumstances, the District Court did not err—and certainly did not plainly err—in declining Steel's request for a new trial. *Cf. Helbling*, 209 F.3d at 241–42 (significant evidence of guilt and curative instructions neutralized prejudice despite the prosecutor's "inappropriate" and "out of line" comments).

## III.  Conclusion

For the aforementioned reasons, we will affirm the District Court's denial of both Steele's motion for a new trial, and his motion for judgment of acquittal.