**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 19-2323
_____

UNITED STATES OF AMERICA

v.

DARA HAYNIE,
                    APPELLANT

_____

Appeal from the United States District Court
for the Western District of Pennsylvania
(District Court No. 2-17-cr-00275-002)
District Judge: Honorable David S. Cercone

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
March 9, 2020

_____

Before: McKEE, AMBRO, and PHIPPS, *Circuit Judges*.

(Opinion filed: May 13, 2020)

_____

OPINION*

_____

_____

* This disposition is not an opinion of the full court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

McKEE, *Circuit Judge*.

Dara Haynie appeals the denial of her motion for judgment of acquittal on the charge of possessing with intent to distribute heroin, butyryl fentanyl, and fentanyl within one thousand feet of a playground and a public housing facility in violation of 21 U.S.C. § 860(a). For the reasons that follow, we will affirm.[1]

When reviewing a post-judgment challenge to the sufficiency of the evidence, we review "the evidence in the light most favorable to the jury verdict and presume that the jury properly evaluated credibility of the witnesses, found the facts, and drew rational inferences."[2] We exercise plenary review,[3] but will affirm if "*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."[4] Relevant here,"[c]onstructive possession necessarily requires both 'dominion and control' over an object and knowledge of that object's existence."[5]

This standard is easily satisfied in this case. Appellant's contention that no direct evidence proved her possession of the narcotics does not address the extensive circumstantial evidence offered by the government which a rational fact finder could have found to infer possession. The text messages in particular demonstrate that

---

[1] The district court had jurisdiction under 18 U.S.C. § 3231 and we have jurisdiction over this appeal under 28 U.S.C. § 1291.

[2] *U.S. v. Iafelice*, 978 F.2d 92, 94 (3d Cir. 1992) (citing *United States v. Coleman*, 811 F.2d 804, 807 (3d Cir.1987)).

[3] *United States v. Repak*, 852 F.3d 230, 250 (3d Cir. 2017) (quoting *United States v. Starnes*, 583 F.3d 196, 206 (3d Cir. 2009)).

[4] *United States v. Burnett*, 773 F.3d 122, 135 (3d Cir. 2014) (quoting *Jackson v. Virginia*, 443 U.S. 307, 318-19 (1979)).

[5] *U.S. v. Brown*, 3 F.3d 673, 680 (3d Cir. 1993) (quoting *Iafelice*, 978 F.2d at 96).

Appellant was weighing and transporting illicit compounds for her husband, and that she knew what these substances were. While physical searches of the property did not produce any drugs, the government offered substantial evidence that Ms. Haynie had personally handled the illicit substances via text messages between the couple.[6] The messages also demonstrate that Ms. Haynie had personally delivered drugs in the couple's car at her husband's direction.[7]

While these messages do not explicitly identify the items being transported, the jury could rationally find, in the context of the evidence offered at trial, that Appellant had possessed the charged narcotics. Therefore, we will affirm the judgment of the district court.

---

[6] S. App. at 156.
[7] *Id.* at 160.