NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 23-3253

———————

UNITED STATES OF AMERICA

v.

MICHAEL BOYER,

Appellant

———————————

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal Action No. 2-22-cr-00429-001)
District Judge: Honorable Timothy J. Savage

———————————

Submitted Under Third Circuit L.A.R. 34.1(a)
September 26, 2024

Before: KRAUSE, BIBAS and AMBRO, Circuit Judges

(Opinion filed: October 1, 2024)

———————

OPINION[*]

———————

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

AMBRO, Circuit Judge

Michael Boyer was convicted of carjacking after stealing a vehicle with an accomplice in Philadelphia. He argues, as he did in a post-trial motion before the District Court, that the Government failed to establish that he acted with the requisite intent to commit that offense. Like the District Court, which denied his motion and later sentenced him, we determine that a rational juror could have found Boyer possessed the requisite intent beyond a reasonable doubt. We thus affirm.

Boyer and an accomplice, Asad Brown, stole a vehicle from Elliott Anderson in the early hours of May 22, 2022, as Anderson and his friend Corey sat in the car near Love Park in Philadelphia. Before the carjacking, Anderson had spoken with Boyer for about 30 minutes in the park before he returned to his car with Corey.[1] When Anderson and Corey left the park to walk toward Anderson's car, Boyer told Brown that he wanted to rob them. Brown agreed, and as the two started to pursue Anderson, Brown handed Boyer a fanny pack containing a BB gun. There was no evidence presented at trial bearing on whether the BB gun was loaded or unloaded.

Boyer and Brown then approached Anderson's car, and Boyer pulled the gun partially out of the bag so that Anderson could see it. Anderson, believing a robbery was taking place, asked Boyer, "[A]re we really doing this?" App. 43. Boyer affirmed and told Anderson to get out of the car. Corey, who had previously intimated he had a firearm, tried to grab his bag before leaving the vehicle. According to Anderson's

_____

[1] Another acquaintance of Anderson named Destiny had also talked with Boyer but was not involved in the subsequent carjacking.

2

testimony, Boyer threatened Corey as he was doing so by asking, "[A]re you trying to get shot?" App. 43. After Anderson and Corey got out of the car, Boyer and Brown let Anderson fetch his backpack from the vehicle. Boyer then sat in the driver's seat, Brown got in the backseat, and the two fled in the car.

Later that afternoon, a Philadelphia police officer spotted the stolen vehicle. The officer attempted to pull Boyer and Brown over and instructed Brown, who was now driving the car, to park it and throw the keys out of the window. Boyer told Brown instead to drive away, and he sped off. Brown drove at a high rate of speed through stop signs, struck a child on a bicycle, and finally crashed into several parked cars. Boyer and Brown then fled on foot. The two were soon apprehended by officers. Officers also recovered Brown's fanny pack, containing the BB gun used in the carjacking.

Boyer was indicted and charged with carjacking and aiding and abetting in violation of 18 U.S.C. §§ 2119 and 2. He proceeded to trial in July 2023, where the jury found him guilty. Boyer filed a post-trial motion for judgment of acquittal per Federal Rule of Criminal Procedure 29(c), arguing that the Government had failed to establish that he had acted with the specific intent to cause death or serious bodily harm—an element of carjacking, as set out below. Fed. R. Crim. P. 29(c). The District Court denied the motion, concluding that a rational juror could have found the intent element beyond a reasonable doubt. The Court then sentenced Boyer to 120 months' imprisonment and a term of supervised release of three years.

3

On appeal, Boyer makes the same argument as in his Rule 29 motion, *i.e.*, that the Government's evidence at trial failed to establish he acted with the requisite intent to support his carjacking conviction.[2]

We review the sufficiency of the evidence under a "highly deferential" standard, and we will overturn a jury verdict only "if no reasonable juror could accept the evidence as sufficient to support the conclusion of the defendant's guilt beyond a reasonable doubt." *United States v. Caraballo-Rodriguez*, 726 F.3d 418, 430–31 (3d Cir. 2013) (quoting *United States v. Coleman*, 811 F.2d 804, 807 (3d Cir. 1987)). "[T]he jury's verdict must be assessed from the perspective of a reasonable juror, and the verdict must be upheld as long as it does not 'fall below the threshold of bare rationality.'" *Caraballo-Rodriguez*, 726 F.3d at 431 (quoting *Coleman v. Johnson*, 566 U.S. 650, 656 (2012)). In this context, we review the evidence in the light most favorable to the prosecution. *Id.* at 430.

The criminal carjacking statute provides that a person is guilty of the offense when, "with the intent to cause death or serious bodily harm[, he] takes a motor vehicle that has been transported, shipped, or received in interstate or foreign commerce from the person or presence of another by force and violence or by intimidation, or attempts to do so[.]" 18 U.S.C. § 2119. In other words, to establish the offense, the Government must prove beyond a reasonable doubt that the defendant "(1) with intent to cause death or serious bodily harm (2) took a motor vehicle (3) that had been transported, shipped or

---

[2] The District Court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction under 28 U.S.C. § 1291.

received in interstate or foreign commerce (4) from the person or presence of another (5) by force and violence or intimidation." *United States v. Applewhaite*, 195 F.3d 679, 685 (3d Cir. 1999) (quoting *United States v. Lake*, 150 F.3d 269, 272 (3d Cir. 1998)). The District Court instructed the jury on these elements, and Boyer raises no dispute concerning the instruction.

Boyer challenges the sufficiency of the evidence only for the first element: intent to cause death or serious bodily harm. He argues that the Government failed to establish the requisite intent because the BB gun was not an actual firearm; Boyer never "removed the BB gun completely from the bag"; the carjackers allowed Anderson to retrieve his bag from the vehicle before driving away; there was no physical altercation during the carjacking; and there was no evidence the BB gun was loaded. Opening Br. at 9.

To show the requisite intent, the Government must prove beyond a reasonable doubt "that at the moment the defendant demanded or took control over the driver's automobile the defendant possessed the intent to seriously harm or kill the driver if necessary to steal the car . . . ." *Holloway v. United States*, 526 U.S. 1, 12 (1999). The Government does not need to show "unconditional intent to use violence regardless of how the driver responds to [the] threat"; it needs only to provide "proof of an intent to kill or harm if necessary to effect a carjacking." *Id.* at 3. Still, an "empty threat, or intimidating bluff," is not sufficient by itself to satisfy the intent element. *Id.* at 11. Whether a defendant had the requisite intent is judged by the totality of the facts and circumstances. *See United States v. Anderson*, 108 F.3d 478, 485 (3d Cir. 1997).

Here, a reasonable juror could have concluded that Boyer had the intent to seriously harm or kill Anderson if it proved necessary in order to steal the car. As described above, Boyer brandished the BB gun and made it clear he intended to rob Anderson. He also threatened to shoot Corey as he reached for his backpack even after Corey had implied that he had a firearm in the backpack. This is more than an empty threat. While the BB gun was not a real firearm, and there was no evidence bearing on whether it was loaded, Boyer could well have used it as a blunt instrument if Anderson had struggled in giving up his vehicle. *See, e.g.*, *United States v. Fekete*, 535 F.3d 471, 478–80 (6th Cir. 2008); *see also United States v. Small*, 944 F.3d 490, 500 (4th Cir. 2019) ("[E]ven an unloaded firearm is capable of causing harm."); *United States v. Guerrero-Narváez*, 29 F.4th 1, 11 (1st Cir. 2022) ("[P]roof of intent to cause serious bodily harm or death does not require proof of the involvement of a weapon."). Similarly, while Boyer argues that he did not actually use any physical force during the carjacking, that is not an element of the carjacking statute. Instead, the defendant need only possess a conditional intent to "seriously harm . . . the driver if necessary" to complete the carjacking. *Holloway*, 526 U.S. at 12. Nor does the fact that the carjackers allowed Anderson to get his backpack from the vehicle before driving away weigh sufficiently against Boyer's intent to justify overturning the jury's verdict.

Under our highly deferential standard, Boyer's actions were sufficient to allow a rational juror to conclude he intended at least to seriously harm Anderson if necessary to steal the car. We thus affirm.