**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-2064
_____

UNITED STATES OF AMERICA

v.

ANTHONY JONES
a/k/a
EARS,
            Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2:18-cr-00193-003)
District Judge: Honorable Nitza I. Quiñones Alejandro

_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
June 9, 2025

Before: KRAUSE, PORTER, and AMBRO, *Circuit Judges*

(Filed: June 16, 2025)

_____

OPINION[*]

_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

KRAUSE, *Circuit Judge*.

Appellant Anthony Jones appeals his convictions for several counts of sex trafficking and conspiracy to do the same. We will affirm.

## I.     BACKGROUND

Between 2012 and 2017, Anthony Jones joined his brother, Kristian Jones, and Dkyle Bridges to traffic several minors and adults in Delaware and Pennsylvania. As relevant to this case, Jones, Bridges, and Kristian Jones trafficked three victims, B.T., N.G., and L.C., beginning when they were minors. All three victims were recovered by undercover agents posing as customers, after which Jones, Bridges, and Kristian Jones were arrested.

A grand jury sitting in the Eastern District of Pennsylvania returned a superseding indictment charging Jones with one count of conspiracy to engage in sex trafficking, in violation of 18 U.S.C. § 1594(c) (Count One); one count of sex trafficking by force, threats of force, fraud, or coercion and aiding and abetting, in violation of 18 U.S.C. § 1591(a)(1), (b)(1), and 18 U.S.C. § 2 (Count Three); and three counts (one for each of B.T., N.G., and L.C.) of sex trafficking of a minor and aiding and abetting, in violation of 18 U.S.C. § 1591(a)(1), (b)(1), (b)(2), (c), and 18 U.S.C. § 2 (Counts Four, Five, and Six).[1] The three were jointly tried and the jury convicted Jones on Counts One, Four,

---

[1] Count Two of the indictment charged Bridges with a separate count of sex trafficking with force, threats of force, fraud, or coercion and aiding and abetting, in violation of 18 U.S.C. § 1591(a)(1), (b)(1), and 18 U.S.C. § 2.

Five, and Six, and acquitted him on Count Three.[2]  Jones timely appealed.

## II.   DISCUSSION[3]

Jones challenges his convictions on several bases.  We disagree with each.

### A.    Grand Jury Testimony

First, Jones contends on appeal that the Government knowingly presented false testimony to the grand jury.  But Federal Rule of Criminal Procedure 12(b)(3) requires a defendant to raise any "error in the grand-jury proceeding or preliminary hearing" in a "pretrial motion if the basis for the motion is then reasonably available and the motion can be determined without a trial on the merits."  Thus, when a defendant fails to raise a challenge to the grand jury proceedings in a pretrial motion, we may review his claim only where he demonstrates "good cause" for the delay.[4]  *United States v. Sok*, 115 F.4th 251, 259 (3d Cir. 2024).

While "good cause" is "a flexible standard," its flexibility is not limitless, and Jones does not satisfy it here.  *Id.* at 263.  He makes only conclusory arguments that his

---

[2] The jury also convicted Bridges and Kristian Jones, whose convictions we later affirmed.  *See United States v. Bridges*, No. 21-1679, 2022 WL 4244276 (3d Cir. Sep. 15, 2022).

[3] The District Court had jurisdiction under 18 U.S.C. § 3231, and we have jurisdiction under 28 U.S.C. § 1291.

[4] The Government urges that if we reach the merits of Jones's unpreserved claims despite Rule 12's timeliness requirements, "it is the defendant's burden to establish plain error, as the claim was not presented to the district court."  Answering Br. 24.  But we have explained that Rule 52(b)'s plain-error standard yields to Rule 12's good-cause standard in this context because "[n]othing in the text of Rule 12 . . . supplants its good-cause standard of review in favor of Rule 52(b)'s plain-error standard."  *United States v. Sok*, 115 F.4th 251, 261 (3d Cir. 2024).  Thus, an untimely challenge under Rule 12 does not require a defendant to establish good cause for his tardiness *and* surmount the plain-error standard.

counsel was constitutionally ineffective under *Strickland v. Washington*, 466 U.S. 668 (1984), in an attempt to establish "good cause." But ineffective assistance rarely is a viable claim on direct appeal because the record is not adequately developed as to either counsel's ineffectiveness or prejudice to the defendant. *See Massaro v. United States*, 538 U.S. 500, 504–05 (2003). Such is the case here. Thus, even assuming ineffective assistance of counsel may be a sufficient basis to excuse an untimely Rule 12 challenge,[5] Jones's contentions lack sufficient development or support to demonstrate "good cause," and we cannot address that challenge to the grand jury proceedings in this posture.

## B. Sufficiency of the Indictment

Jones next argues that the superseding indictment is insufficient on its face as to Count One (conspiracy to commit sex trafficking) because it does not identify a specific person whom the conspiracy targeted. Once again, however, Jones brings this challenge too late. As with grand jury proceedings, Rule 12(b)(3) requires that any "defect in the indictment or information," including "lack of specificity" or "failure to state an offense," must "be raised by pretrial motion if the basis for the motion is then reasonably available and the motion can be determined without a trial on the merits." Jones offers no

---

[5] Our Court has not yet determined whether ineffective assistance of counsel suffices to demonstrate "good case" under Rule 12. *See Sok*, 115 F.4th at 263 n.9 ("[W]e do not address whether ineffective assistance of counsel may constitute 'good cause' to satisfy Rule 12.").

satisfactory basis for the failure to move to dismiss Count One before trial,[6] so this challenge too is beyond the scope of direct appeal.

## C. Evidentiary Objections

Jones next raises three objections to the introduction of evidence, but none is persuasive.

First, Jones objects to the District Court's admission of (1) testimony from a law enforcement officer observing him and Kristian Jones outside a motel during the investigation of an unrelated prostitution offense, and (2) messages from B.T. suggesting Jones was operating the sex-trafficking scheme. In his view, admitting that evidence violated Federal Rule of Evidence 404(b), which governs the admissibility of character evidence and other acts. But Rule 404(b) does not apply to intrinsic evidence, i.e., evidence that "is 'inextricably intertwined' with the charged offense," *United States v. Cross*, 308 F.3d 308, 320 (3d Cir. 2002) (quoting *United States v. Bowie*, 232 F.3d 923, 927 (D.C. Cir. 2000)), because such evidence is "part and parcel of the charged offense," *United States v. Williams*, 974 F.3d 320, 357 (3d Cir. 2020) (quoting *United States v. Green*, 617 F.3d 233, 245 (3d Cir. 2010)). The two pieces of evidence at issue here are

---

[6] To the extent Jones again invokes ineffective assistance of counsel to excuse his delay, the record is inadequately developed to address his argument, so we leave that question for collateral review. *See United States v. Jake*, 281 F.3d 123, 132 n.7 (3d Cir. 2002) ("Sixth Amendment claims of ineffective assistance of counsel should ordinarily be raised in a collateral proceeding pursuant to 28 U.S.C. § 2255 rather than on direct appeal.").

intrinsic because they tend to support Jones's participation in the conspiracy. Thus, the District Court did not violate Rule 404(b) by admitting them.[7]

Second, Jones contends that the District Court incorrectly admitted text messages to customers found in B.T.'s cell phone to prove Jones trafficked B.T. in July 2017. But B.T.'s instructions to customers are not hearsay "because they are not declarations of fact and therefore are not capable of being true or false." *United States v. Reilly*, 33 F.3d 1396, 1410 (3d Cir. 1994). And even if they were, because Jones did not preserve his objection, we review for plain error, *see United States v. Olano*, 507 U.S. 725, 731 (1993), and Jones has not carried that burden. So this argument fails too.[8]

Third, Jones maintains that the District Court erroneously admitted hearsay statements in the form of certain Facebook messages between Jones and unindicted co-conspirator T.D. He contemporaneously objected to this evidence, so we review for abuse of discretion, *United States v. Tyler*, 281 F.3d 84, 98 (3d Cir. 2002), but Jones cannot demonstrate prejudicial error.

Federal Rule of Evidence 801(d)(2)(E) makes statements by co-conspirators in furtherance of the conspiracy non-hearsay. Here, the District Court admitted a handful of

---

[7] Jones also asserts that admitting this evidence violated the District Court's earlier ruling excluding evidence relating to those witnesses. But that ruling only prevented victims not named in the indictment from testifying to their own status, which did not happen here.

[8] To the extent Jones challenges the admission of this (and other) evidence as violations of the Confrontation Clause, he is mistaken. None of this evidence is testimonial under the Sixth Amendment because it was not "made under circumstances that would lead an objective witness reasonably to believe that the statement would be available for use at a later trial." *Williams v. Superintendent Greene SCI*, 112 F.4th 155, 164 (3d Cir. 2024) (quoting *United States v. Hinton*, 423 F.3d 355, 360 (3d Cir. 2005)).

6

statements from co-conspirator T.D. after careful review of the relevant evidence. Thus, as statements of a co-conspirator, T.D.'s statements are non-hearsay, and the District Court did not err in admitting them. But even if the statements were hearsay, any error was harmless given the vanishingly small part this testimony played in Jones's fourteen-day trial. *See United States v. Moreno*, 809 F.3d 766, 776 (3d Cir. 2016)**.**

### D.  Knowingly Presenting a False Theory

Jones also asserts that the Government knowingly presented a false theory at trial with respect to Count Four because it allegedly knew B.T. was responsible for her own prostitution on a relevant occasion. His contention rests on allegedly false testimony given by one of the Government's witnesses, Newark Police Corporal Odom, regarding evidence obtained from an interview with B.T. in November 2016 following her arrest for prostitution, and a subsequent search of and data extraction from her phone. But this argument fails too.

To succeed on a claim that the prosecution knowingly advanced a false theory of guilt, "the defendant[] must show: '(1) [the government's witness] committed perjury; (2) the government knew or should have known of his perjury; (3) the testimony went uncorrected; and (4) there is any reasonable likelihood that the false testimony could have affected the verdict.'" *United States v. John-Baptiste*, 747 F.3d 186, 210 (3d Cir. 2014) (quoting *Lambert v. Blackwell*, 387 F.3d 210, 242 (3d Cir. 2004)) (second alteration in original). Here, Jones alleges that the Government knowingly presented evidence that Jones trafficked B.T. when she was arrested on November 23, 2016. But Jones cannot demonstrate that the evidence introduced was false, nor does he meaningfully contend

that it was.  Rather, as the trial transcript shows, this testimony was introduced to connect B.T. to Jones's co-conspirator, Bridges.  Thus, the Government introduced the testimony to connect a co-conspirator to a trafficking victim—not to knowingly pursue a false theory against Jones.

### E.    Sufficiency of the Evidence

Jones next argues that there was insufficient evidence to convict him on any count.  When reviewing a jury's finding of guilt, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979).  That standard is "highly deferential, and we will overturn a verdict only 'if no reasonable juror could accept the evidence as sufficient to support the conclusion of the defendant's guilt beyond a reasonable doubt.'" *United States v. Carballo-Rodriguez*, 726 F.3d 418, 430–31 (3d Cir. 2013) (en banc) (quoting *United States v. Coleman*, 811 F.2d 804, 807 (3d Cir. 1987)).

Here, ample evidence supports Jones's convictions.  Viewed as a whole, we cannot say that the record lacks the "minimum quantum of evidence" necessary to sustain his convictions. *Washington v. Gilmore*, 124 F.4th 178, 185 (3d Cir. 2024) (quoting *Gomez v. Allegheny Health Servs., Inc.*, 71 F.3d 1079, 1083 (3d Cir. 1995)).  Indeed, Jones does not appear to contest that determination.  Rather, he merely attacks the credibility of the Government's witnesses and maintains that individual pieces of evidence, taken in isolation, fail to establish his guilt beyond a reasonable doubt.  But assessing witness credibility is the province of juries, not appellate judges. *See Carballo-*

8

*Rodriguez*, 726 F.3d at 430. And we must consider the entire record when assessing the sufficiency of evidence to support a conviction, not take each piece of evidence bit-by-bit. *See United States v. Centeno*, 793 F.3d 378, 388–89 (3d Cir. 2015). Accordingly, Jones's arguments fall well short of the requisite threshold to vacate his conviction.[9]

### F. Constructive Amendment of Counts Four, Five, and Six

Next, Jones argues that Counts Four, Five, and Six were constructively amended by the District Court's jury instruction. While we review for plain error because he did not contemporaneously object to the instruction, *see Olano*, 507 U.S. at 731, Jones cannot prevail even under *de novo* review. "The general rule is that when a jury returns a guilty verdict on an indictment charging several acts in the conjunctive, . . . the verdict stands if the evidence is sufficient with respect to any one of the acts charged." *Turner v. United States*, 396 U.S. 398, 420 (1970). That is what occurred here—the superseding indictment charged Jones in the conjunctive, and the petit jury convicted him on one of those acts. Thus, Jones's constructive-amendment argument fails.

### G. Cumulative Error

Finally, Jones asks us to vacate his convictions because cumulative errors led to erroneous convictions on all counts. But vacating a conviction for cumulative error is

---

[9] Jones contends in passing that the Government withheld exculpatory evidence in violation of *Brady v. Maryland*, 373 U.S. 83 (1963). To prevail on a *Brady* claim, a defendant must demonstrate that the prosecution withheld evidence that was both favorable to the defendant and material to the case. *United States v. Walker*, 657 F.3d 160, 185 (3d Cir. 2011). The evidence Jones contends was wrongfully withheld—certain data extracted from B.T.'s cell phone—was made available to the defense before trial and Jones's counsel elected not to review it. Thus, his *Brady* claim also fails.

appropriate only in two circumstances: when (1) related errors have a "synergistic effect" to "amplify each other in relation to a key contested issue in the case"; and (2) accumulated unrelated errors "sufficiently undermine[] confidence in the outcome of the trial." *United States v. Greenspan*, 923 F.3d 138, 154 (3d Cir. 2019) (quotations omitted). As neither pertains here, the District Court did not err. And even if it did, the "remaining evidence of [Jones's] guilt was 'overwhelming,'" so vacatur on cumulative-error grounds would not be warranted. *Id.* (quoting *United States v. Copple*, 24 F.3d 535, 547 n.17 (3d Cir. 1994)).

* * *

For the foregoing reasons, we will affirm the District Court's judgment.